COOK, Appellant, vs. GUST, Respondent.

*January 14—February 3, 1914.*

*Slander: Evidence: Competency: Party as witness: Credibility:*
*Privileged communications: Instructions to jury: Common*
*knowledge: Appeal: Harmless errors.*

1. In an action for slander, where the complaint charged that defendant stated to one L. and his wife and son that plaintiff had set fire to and burned a certain cheese factory, and where plaintiff, on his direct examination as a witness in his own behalf, had testified that he had made no threats directly or indirectly with respect to burning the factory, it was proper to permit a witness for defendant to testify that two or three weeks before the factory burned plaintiff had suggested that they ought to burn the factory and that he knew of a party whom they could get to do it.

2. Plaintiff having denied on cross-examination that he had said to one S. that he was going to run defendant out of town, it was not error to allow S. to testify that defendant had made

such statement. Being a witness in his own behalf, plaintiff's animus or bias toward defendant was not a collateral fact, but one which may ordinarily be shown as to any witness, as affecting his credibility.

3. Where, at the time in question, L. was considering an invitation to join a corporation which defendant and others were forming (and from which they planned to exclude the plaintiff) to build a new factory in place of the one which was burned, the alleged slanderous statement, if made by defendant in good faith and without malice in explaining to L. the reasons why he believed plaintiff should be left out, was privileged so far as made to L. himself, and was privileged also as to the wife and son of L. if they had a common interest with him in the disclosure by reason of the fact that it was customary for farmers so situated to consult with their families in regard to such business transactions.

4. Although an instruction that the jury might find the statement privileged as to the wife and son of L. if their presence "could not have been avoided," should not have been given because there was no evidence warranting it and it was obvious that their presence could have been avoided, yet, since that fact must have been apparent to the jury, the error in giving such instruction was not prejudicial, there being other legitimate grounds upon which the verdict for defendant might be based.

5. A further instruction that the jury might find the statement privileged as to the wife and son of L. if they were present in the usual course of the business affairs in which they were then engaged, was not erroneous, since in effect it merely permitted the jury to decide whether or not it was a matter of common knowledge that farmers counsel and advise with their families in reference to business transactions of that nature.

6. In considering and testing the credibility of the evidence bearing on the question of privilege, the jurors had the right to take into account matters within their common knowledge.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action for slander. It was charged in the complaint that the defendant stated to one Julius Lewer and his wife and son that plaintiff set fire to a certain cheese factory and burned it. Defendant denied that the conversation alleged in the complaint took place. The answer also set forth

facts tending to show that any communications made by defendant to Lewer were privileged. After the factory burned, the farmers in the vicinity decided to erect a new one, and some meetings were had between the proposed stockholders to make the necessary arrangements. At these meetings the advisability of not taking in the plaintiff was discussed, and he was left out apparently because he had caused considerable trouble while he was a member of the old company and because there was a strong suspicion that he had burned the old factory because of such trouble. Lewer was a newcomer and it was the purpose of the promoters of the new scheme to interest him in it. The defendant admitted that he might have communicated the rumors that were afloat in regard to plaintiff to Lewer and others at some of the meetings had for the purpose of perfecting the organization of the new company. The plaintiff's evidence tended to show that the alleged slanderous words were spoken to Lewer at or near his house and that the latter then called his wife and fourteen-year-old son to the place where he and defendant were talking and requested the defendant to repeat the statement in their presence, which he did. There was no evidence tending to show malice. The jury returned a general verdict for the defendant. The plaintiff appeals and assigns three errors, two on the admission of evidence and one on an instruction given to the jury.

For the appellant there was a brief by *Aylward, Davies & Olbrich,* and oral argument by *M. B. Olbrich.*

For the respondent there was a brief by *Jones & Schubring,* and oral argument by *B. W. Jones.*

BARNES, J. 1. The defendant was allowed to show by one Brown that the latter had a conversation with plaintiff two or three weeks before the factory burned, in which plaintiff suggested that they ought to burn the factory and that he knew of a party named Wild whom they could get to

do it. Defendant apparently did not know of this alleged conversation when he talked with Lewer about plaintiff's connection with the fire. It is urged that it was prejudicial error to admit this evidence. The evidence was well calculated to place the plaintiff in an unfavorable light before the jury. We think the door for its admission was opened by the plaintiff. · Before this evidence was offered, he, on his direct evidence and in reply to questions propounded by his own counsel, testified that he had made no threats directly or indirectly with respect to burning the factory. Having invited inquiry into his conduct in this manner, he is in no position to find fault because the defendant was permitted to meet the issue thus raised. His denial that he made any threats might well have considerable weight with the jury and place the defendant at a disadvantage if he were not permitted to contradict it.

2. The plaintiff was interrogated on cross-examination in reference to an alleged statement made to one Seth to the effect that he was going to run the defendant out of town. Plaintiff denied making any such statement, and defendant was permitted to call Seth as a witness and spread his evidence before the jury to the effect that such a conversation took place. It is said that it was error to permit Seth to so testify. We think this evidence was neither erroneous nor prejudicial. The plaintiff was a witness in his own behalf and his animus or bias toward the defendant was not a collateral fact, but one which may be ordinarily shown as to any witness for the purpose of placing before the jury an essential fact which may affect his credibility.

3. The principal contention of the appellant is that the following instruction given to the jury was erroneous and prejudicial:

"If you find that *Mr. Gust* spoke to Mr. Lewer on April 8, 1908, concerning *Mr. Cook,* and that such words were spoken to him as one who was interested in this factory under such

circumstances that they would be privileged under the rules just given you, then the fact, if such be the fact, that Mrs. Lewer and her son heard what *Mr. Gust* said does not, standing alone, take the case out of the privilege, if you find that their presence could not have been avoided by *Mr. Gust,* or if you find that they happened to be present in the usual course of the business affairs in which Mrs. Lewer and her son were then engaged."

It is not claimed that the alleged statement made to Lewer was not qualifiedly privileged as to him under the circumstances under which it was made, but it is urged that it was not so privileged as to the wife and son.

The portion of the instruction which advised the jury that they might find the communication privileged if satisfied that the presence of Mrs. Lewer and the son "could not have been avoided" should not have been given, because there was no evidence which warranted its submission. It is perfectly obvious to any one that their presence could have been avoided. That fact must have been apparent to the jury, and it is altogether improbable that they found for the defendant because of this part of the instruction, when there were other legitimate grounds on which the conclusions reached might be arrived at. The error committed in giving this part of the charge was not prejudicial under sec. 3072$m$, Stats.

The only other portion of the charge complained of is that by which the jury were informed that they might find the communication privileged if the wife and boy were "present in the usual course of the business affairs" in which they were then engaged.

At the time of the alleged conversation Lewer had been invited to become a stockholder in the new corporation and was considering the matter. It was planned to leave *Cook* out, and, if not actuated by malice, the defendant might state the reasons which led him to believe that *Cook* should be left out. It is probably a very general custom for farmers to consult their wives and members of their family when

they are about to engage in a new business enterprise of some importance. Where this practice is pursued, such communication as was here made is privileged as to the other members of the family as well as the husband, assuming that it is made in good faith and not from malicious motives. What the court did in substance in the instant case was to permit the jurors to decide whether or not it was a matter of common knowledge that farmers counseled and advised with their wives in reference to business transactions of this nature. Had the court so instructed the jury as a matter of law, we would hesitate to hold that the instruction was wrong. This being so, we cannot hold that it was error to submit the question to the jury. In considering and testing the credibility of the evidence bearing on the question of privilege, the jurors had the right to take into account matter within their common knowledge. *Solberg v. Robbins L. Co.* 147 Wis. 259, 133 N. W. 28. It is true that the instruction refers to the business in which Mrs. Lewer and her son were engaged, instead of that in which her husband was engaged. The instruction was not happily worded, but we think the jury would understand from it that if all three of the listeners to defendant's statement had a common interest in the disclosure the communication was conditionally privileged as to all of them.

*By the Court.*—Judgment affirmed.