O'CONNOR, Respondent, vs. PAWLING & HARNISCHFEGER COMPANY, Appellant, and CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*October 14—November 9, 1926.*

*Negligence: Consignee of railroad car partially unloading it and directing its movement while unsafe: Negligence of railroad: Conductor injured while switching cars: Contributory negligence: Evidence: Submitting to remission of part of judgment: Waiver of right to appeal.*

1. In an action by a railroad conductor to recover for injuries sustained while switching cars on the industrial tracks of one of the defendants, it is *held* that the injuries were proximately caused by the negligence of such defendant in leaving the car which it was unloading in such an unsafe condition that timbers would be liable to fall from it in switching movements, and in thereafter giving orders necessitating the movement of the car while in such condition. p. 326.
2. Although an inspector of the railroad company which had delivered the car saw that one of the stakes supporting its load of timbers was removed and did not report it, the undis-

puted proof is *held* to show that the inspector had no reason to believe the car would be moved, and that the railroad company was guilty of no want of ordinary care which contributed to plaintiff's injuries.  p. 326.

3. Knowledge of the plaintiff of the fact that employees of such defendant had always reported cars that were unsafe to be moved, the absence of all warning in the present case, and the finding of the jury that the unsafe condition was not so obvious as to attract attention, lead to the conclusion that the plaintiff was not guilty of contributory negligence. p. 327.

4. Plaintiff's voluntary remission of part of the judgment to avoid the granting of a new trial forecloses his right to a review of such portion of the judgment.  p. 328.

APPEAL from a judgment of the circuit court for Milwaukee county: EDGAR V. WERNER, Judge.  *Affirmed.*

Action by *Bernard O'Connor,* a railway employee, to recover for personal injuries sustained while switching cars on the industrial tracks of the *Pawling & Harnischfeger Company.*  From a judgment for the plaintiff, which dismissed the action against the railway company, the *Pawling & Harnischfeger Company* appealed.

The plaintiff, the conductor of a switching crew employed by the *Chicago, Milwaukee & St. Paul Railway Company,* was injured by timbers falling from a gondola car which was being moved on a spur track extending into the plant of the *Pawling & Harnischfeger Company.*  The timbers were piled above the sides of the car and were retained in place by stakes on either side of the car.  The employees of the *Pawling & Harnischfeger Company* had begun to unload the car on the day previous to the injury.  In so doing they removed one of the stakes that supported the timbers on one side of the car.

An inspector of the railway company examined the car the morning after the stake was removed and found all safety appliances in proper condition and that the stake had

O'Connor v. Pawling & Harnischfeger Co. 191 Wis. 323.

been removed. Neither the inspector nor the *Pawling & Harnischfeger Company* gave notice of the removal of the stake or warning of any danger incident to the movement of the car. Shortly after the car was inspected and before any more timbers were unloaded, the *Pawling & Harnischfeger Company* directed the plaintiff to take out a car of machinery which could not be moved without switching the gondola car. During the movement of the car some of the timbers were dislodged and fell upon the plaintiff causing serious permanent injuries.

At the close of the testimony the court directed a verdict in favor of the railway company. The jury found that the gondola car was in an unsafe condition to be moved; that the *Pawling & Harnischfeger Company* failed to exercise ordinary care in not warning the employees of the railway company of the unsafe condition of the car; that such failure to warn was the proximate cause of plaintiff's injury, and that the unsafe condition of the car was not so obvious as to attract the attention of a person circumstanced as was the plaintiff, charged with the duty of directing the switching of cars. Damages were assessed at $13,500.

For the appellant there were briefs by *Walter F. Mayer, James E. Coleman,* and *Roehr & Steinmetz,* all of Milwaukee, and oral argument by *Mr. Mayer.*

*Henry Mahoney,* attorney, and *I. A. Fish,* of counsel, both of Milwaukee, for the respondent *O'Connor.*

For the respondent *Chicago, Milwaukee & St. Paul Railway Company* there was a brief by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and oral argument by *Mr. Killilea.*

STEVENS, J. The appellant company by its cross-complaint, which was sustained in 185 Wis. 226, 201 N. W. 393, asserts that it was the duty of the railway company to in-

spect all cars and loads; that the performance of this duty by the railway company relieved the *Pawling & Harnisch- feger Company* of all duty to examine or inspect cars be- fore they were moved on the industrial spur tracks of the appellant, and that the injury to the plaintiff was caused wholly by the negligence of the railway company.  The proof does not warrant this conclusion.

Plaintiff's injury was proximately caused by the con- junction of two acts for both of which the *Pawling & Har- nischfeger Company* was alone responsible.  *First,* the com- pany left the gondola car in such unsafe condition that tim- bers were liable to fall from it in the course of switching movements; and *second,* the company thereafter gave switch- ing orders which necessitated the movement of the car while it was in this unsafe condition.  After the *Pawling & Har- nischfeger Company* had put the load of the car in this un- safe condition, it was the duty of that company to warn the plaintiff of the unsafe condition of the car when it gave him orders which necessitated the movement of the car.

There is no proof that would warrant a finding that the railway company failed to exercise ordinary care with ref- erence to giving warning.  The railway inspector testified that it was not his duty to report the removal of the stake or the condition of the load of the car because the car was at the platform where it was to be unloaded and the inspector had no reason to believe that the movement of the gondola car would take place before that car was unloaded, although he knew that the gondola car must be moved when the ma- chinery car was taken out of the plant.  There is no proof to the contrary.

The proof sustains the finding of the jury that the failure of the *Pawling & Harnischfeger Company* to give warning of the unsafe condition of the gondola car was the prox- imate cause of the plaintiff's injuries.  The proof also es-

tablishes the fact that the railway company was guilty of no want of ordinary care that proximately caused the injuries sustained by the plaintiff. The motion to direct a verdict in favor of the railway company was properly granted.

2. The proof does not warrant the finding that plaintiff's injuries were caused by his own want of ordinary care. The evidence supports the finding of the jury that the unsafe condition of the car was not so obvious as to naturally attract plaintiff's attention. The plaintiff had a right to rely upon the practice by which industries placed some kind of signal or card upon cars that were not to be moved. Plaintiff knew that the employees of the *Pawling & Harnischfeger Company* who gave directions as to the movement of cars within its plant had in the past reported to him the cars on the tracks in the plant which were not safe to be moved. Knowledge of these facts, coupled with the absence of all warning, together with the finding of fact by the jury that the unsafe condition was not so obvious as naturally to attract attention, leads to the conclusion that the plaintiff was not guilty of contributory negligence in not discovering the unsafe condition of the load on the car before he was injured.

3. The plaintiff was given hospital and medical care by the railway company without expense to himself. In submitting the question of damages to the jury the learned trial judge inadvertently told the jury that they might include in the sum assessed as damages the amount which the plaintiff had expended for medical and surgical care, treatment, and nursing. The proof failed to show any such expenditure. The court instructed the jury that they could not allow any element of damage unless such element was established by a preponderance of the evidence to a reasonable certainty. It seems to be conceded, although not es-

tablished by the record, that plaintiff's counsel in argument to the jury stated that no recovery was asked for any of these items of hospital and surgical care. It may well be doubted whether the amount of the damages was increased by this instruction. But the trial court in order to remove all possible question directed that a new trial be granted unless plaintiff consent to take judgment for $1,000 less than the amount fixed by the jury.

Thereafter plaintiff filed a formal written document by which he "remits and waives the amount of one thousand dollars ($1,000) damages found by the jury in the above entitled action and consents to the entry of judgment for the sum of twelve thousand five hundred dollars ($12,500)." This action on the part of the plaintiff foreclosed his right to ask a review of this provision of the judgment. Plaintiff cannot now be heard to question the very provision of the judgment which was inserted because of his express consent.

*By the Court.*—Judgment affirmed.