JOHNSON, Appellant, vs. RUDOLPH WURLITZER COMPANY
and another, Respondents.

*November 10—December 4, 1928.*

434

436

For the appellant there were briefs by *Brennan, Lucas &*
*McDonough* of Milwaukee, and oral argument by *Martin J.*
*Brennan* and *G. L. McDonough.*

` For the respondent Rudolph Wurlitzer Company there was a brief by *Alexander, Burke & Clark* of Milwaukee, and oral argument by *Frank B. Burke.*

For the respondent Reinwald there was a brief by *B. F. Saltzstein,* attorney, and *Gilbert F. Lappley,* of counsel, all of Milwaukee, and oral argument by *Mr. Lappley.*

ESCHWEILER, J. The plaintiff below refused to elect to accept the lessened amount of damages fixed by the trial court in its order and has ·appealed here from that conditional order for a new trial. The defendant company, a respondent on such appeal, has filed its motion here for review, and appellant raises a question of our right to entertain such motion to review.

So far as proceedings in the court below are concerned the order for a new trial became absolute upon plaintiff's refusing to remit, and the question is presented whether, having obtained, to some extent at least, in the lower court that which it asked in its application after verdict, namely, a new trial, the respondent can, or ought now, to be heard on this motion to review, without running counter to the oft-repeated rule that one who has obtained that which he asked from a court below cannot be deemed so aggrieved as to permit of an appeal,—such rule being found in the cases of *Flanders v. Merrimac,* 44 Wis. 621, 623; *Treat v. Hiles,* 75 Wis. 265, 275, 44 N. W. 1088; *McKinnon v. Wolfenden,* 78 Wis. 237, 239, 47 N. W. 436; *Cook v. McComb,* 98 Wis. 526, 530, 74 N. W. 353; *First Wis. T. Co. v. Schmidt,* 173 Wis. 477, 481, 180 N. W. 832; *O'Connor v. Pawling & H. Co.* 191 Wis. 323, 328, 210 N. W. 696.

The statute in question, sec. 274.12 (sec. 8, ch. 219, Laws of 1915), provides, so far as material here, that "In any case the respondent may have a review of the rulings of which he complains by serving upon the appellant any time before the case is set down for hearing in the supreme court

a notice stating in what respect he asks for a review, reversal or modification of any part of the judgment or order appealed from."  ·

It has been held that the effect of this provision is to make such a respondent, in effect, an appellant himself as though by a formal appeal, as to the matters sought to be reviewed. *Dempsey v. National S. Co.* 173 Wis. 296, 300, 181 N. W. 218.

Defendants' motion after verdict was not happily phrased or framed in asking for alternative relief in the order which it did, judgment in its favor being requested only in case the prior two requests, one of which was for a new trial, were denied, for it now seeks, by review, to cover and include all of the three alternatives. To some extent, it is true, the defendant company did obtain, by plaintiff refusing to exercise the option to remit, the asked relief of a new trial, yet the respondent being required to come here on plaintiff's appeal from that very order granting a new trial cannot, and does not as yet, get the benefit of such order for a new trial, for now it is not absolute unless here affirmed on plaintiff's appeal. It may well be said, therefore, that the situation created by plaintiff's appeal has so prevented respondent from accepting the fruits of its application for a new trial below, that it does not come within the rule of the above cited cases, but rather within the distinction upon which the decision in *Rasmussen v. Schweizer,* 194 Wis. 362, 367, 216 N. W. 481, is based.

Be that as it may, we consider it within the letter and spirit of this new and broad provision of sec. 274.12, *supra,* to permit one who is brought here, as is respondent, on plaintiff's challenge of the propriety of the granting of the new trial, to now avert the possibilities of an unnecessary second trial by having a review of the entire situation and thus permit a present final disposition of this case.

Reinwald denied the making of the statements; the jury,

however, found that they were made and we accept that as a verity. The record discloses that they were made to none other than the employees in this office, all interested, because of such employment, in the very matter of discovering the source or causes of or for the shortage conceded to have existed. They were all made, it is undisputed, at times when the matter of shortage was being investigated; in connection therewith and solely therewith; and they were, as the trial court finally held, within the field of conditional or qualified privilege. *Noonan v. Orton,* 32 Wis. 106, 111; *Rude v. Nass,* 79 Wis. 321, 328, 48 N. W. 555; *Cook v. Gust,* 155 Wis. 594, 598, 145 N. W. 225; *Zanley v. Hyde,* 208 Mich. 96, 175 N. W. 261; *Rigney v. Keesee & Co.* 104 W. Va. 168, 139 S. E. 650, 54 A. L. R. 1139, with note at p. 1143; Cooley, Torts (3d ed.) p. 452.

Being within that field, it was necessary, in order that plaintiff might recover even compensatory damages, that there should be proof of malice, within the meaning of that term as used in the law of torts. That technical term is discussed in *Meshane v. Second Street Co.,* decided herewith (*ante,* p. 382, 222 N. W. 320), and will not be here further considered, nor the question, also there discussed, as to the duty of a trial court to primarily pass upon the sufficiency of the proof.

Assuming, therefore, that there was no foundation in fact for the statements found by the jury to have been made concerning plaintiff by Reinwald in his capacity as manager for the respondent, the record, as we view it, is devoid of sufficient proof as against respondent company to support a finding by jury or trial court that the conditional privilege was destroyed, and the motion of respondent company for judgment in its favor notwithstanding the verdict should have been and now must be granted.

We have here a situation in which a number of receipts

concededly signed by plaintiff as representing actual cash received by her from customers of the defendant company were not, apparently, to be traced into the proper records of the defendant company, and as to some of which she frankly admitted during the investigation by Reinwald and the auditor and on the trial she could not explain. There was no forthwith discharge of the plaintiff upon such inability to explain, no outside publicity given, nor did she then forthwith resign because of anything then said. It is undisputed that she remained in the employ until May 15th, much more than a month after the utterances of two at least of the charges upon which the verdict was framed, with no change in her duties or treatment. She testifies that she was told by Reinwald as manager that she might remain until she could find another position; that only because of the difficulty that had arisen as to the conceded shortage, a reorganization of the office force was necessary; and that she and said Prosser would ultimately have to leave. So that there we find nothing upon which malice in law can be predicated other than that the charge was false, and that, as we have seen, is not enough.

*By the Court.*—Cause remanded with directions to enter judgment dismissing the complaint as against the defendant Rudolph Wurlitzer Company, plaintiff taking nothing on her appeal. Order below as to respondent Reinwald affirmed. But one bill of costs against appellant.