Julius, Appellant, vs. First National Bank of Apple-
ton, imp., Respondent.

*September 12—October 9, 1934.*

For the appellant there were briefs by *Genrich & Genrich,* attorneys, and *Miles Lambert* of counsel, all of Wausau, and oral argument by *Mr. Fred W. Genrich* and *Mr. Lambert.*

For the respondent there was a brief by *Frank & Pelkey* of Appleton, and oral argument by *Heber H. Pelkey.*

FRITZ, J. In this action the plaintiff appealed from an order which set aside the verdict of the jury and granted a new trial "upon the ground that the answer to question three of the special verdict is contrary to the weight of the evidence." Plaintiff recognizes that such an order granting a new trial is largely in the discretion of the court, and therefore will not be reversed unless it was based upon a misapprehension of law or it clearly appears that there has been an abuse of discretion. But he contends that the preponderance of the evidence is in support of the jury's answer to the third question instead of against it; and that "under those circumstances the order granting a new trial constitutes an abuse of discretion and is reversible error." However, upon reviewing the evidence, we find that the court was well warranted in holding that answer contrary to the weight of the evidence. Consequently there was no abuse of discretion, and the plaintiff is not entitled to a re-

versal of that order. As, upon that review, we have also concluded that, under the evidence, the First National Bank of Appleton (hereinafter called the respondent) was entitled to either a directed verdict or judgment notwithstanding the verdict, and that the court erred in denying its motions for such relief, and as those conclusions are so decisive as to now entitle respondent to the dismissal of the complaint, it is unnecessary to discuss the evidence excepting in so far as the consideration thereof is involved in passing upon respondent's motion for review, which it noticed under sec. 274.12, Stats. On such a motion noticed on an appeal taken by an adverse party from an order which granted a new trial, the respondent may have a review of other orders of which he complains, including rulings denying his motions for a directed verdict, or for judgment notwithstanding the verdict, even though the new trial was granted on his motion. *Johnson v. Rudolph Wurlitzer Co.* 197 Wis. 432, 438, 222 N. W. 451.

The plaintiff herein seeks to recover from the respondent a payment of $5,000 made at respondent's bank on November 2, 1931, by the Appleton Machine Company, which was the maker of a series of fourteen notes aggregating $85,000, which were secured by a mortgage. Two of those notes, maturing on November 1, 1930, and November 1, 1931, respectively, had been purchased by plaintiff, and an interest in the mortgage securing those notes was transferred to him by an assignment, which stated that the mortgage was to secure the fourteen notes. Plaintiff had received payment, prior to November 2, 1931, of the note which matured in 1930. The note due November 1, 1931, he kept in his safety-deposit box at the Citizens National Bank, of Appleton, and he never delivered it for collection, or otherwise, to that bank or to the respondent. On October 24, 1931, all of the assets belonging to the Citizens National Bank were transferred to the respondent for liquidation, and among

them there was another $5,000 note, which was also one of the Appleton Machine Company's serial notes, but which did not become due until November 1, 1932. The payment at respondent's bank on November 2, 1931, was made by a check for $3,500 and a new note for $1,500, which were delivered to Cleborne Van Abel, who was then employed by respondent as its note teller. He had been in the employment of the Citizens National Bank, but had no knowledge of the fact that plaintiff held the Appleton Machine Company's note. Upon receiving that payment, Van Abel looked in respondent's note file for an Appleton Machine Company note, but found only the note which matured on November 1, 1932, and without noting the due date thereof, he then surrendered that note to the Appleton Machine Company. Upon the discovery of that error, J. I. Monaghan, one of respondent's employees who had been the cashier of the Citizens National Bank, on November 6, 1931, wrote to plaintiff as follows:

"You are holding a note of the Appleton Machine Company in the amount of $5,000 which matured on November 1, 1931. We are sorry to advise you that owing to an error the note which matures on November 1, 1932, was canceled in error. If you wish your money we will be glad to have you forward your note to us and we will make the necessary collection. If, however, you should not desire your funds at this time but would care to keep the investment, we would ask you to please sign the enclosed extension of the mortgage where marked and return to us after having same notarized properly. We thank you for your reply as to which method of procedure you would like employed."

After receiving that letter, plaintiff, on November 21, 1931, conferred with Monaghan at respondent's bank. Between some of the testimony of the plaintiff and the testimony of Monaghan as to what was said during the conference, there are irreconcilable conflicts, but it may also be noted that there are likewise similar conflicts and some in-

consistencies in the testimony of the plaintiff himself. It was because of some of those conflicts that there resulted the issue of fact which was submitted to the jury in the third question of the verdict, viz., whether Monaghan and the plaintiff agreed, on November 21, 1931, that the $5,000 paid by the Appleton Machine Company on November 2, 1931, might be applied in payment of that company's note of $5,000 which was to mature on November 1, 1932. That question the jury answered by finding that there was no such agreement, but, under the evidence, the court was warranted, as stated above, in setting aside the jury's answer because it was contrary to the weight of the evidence. In that respect, it suffices to note in passing that the plaintiff himself, in the course of his testimony, admitted that in the conference on November 21, 1931, Monaghan said "I am sorry that the wrong note has been paid, but we will collect it for you if you want it;" that Monaghan told him he could not get the $5,000 at that time but that he would get it next year; and that Monaghan also said, "You sign this extension and we will get your money in a year from now. Then yours will come due." Those admitted statements by Monaghan are entirely consistent with the written evidence afforded by Monaghan's letter of November 6, 1931, to the plaintiff, and an extension agreement which he signed. It is indeed of controlling significance that following Monaghan's letter and his statements to plaintiff on November 21, 1931, as testified to by plaintiff himself, the latter, on November 21, 1931, executed and delivered to respondent his written extension of the maturity of his note for one year from November 1, 1931, "upon the condition that the interest is promptly paid thereon at the end of each year."

The only reasonable explanation for the delivery of that extension agreement by plaintiff, after he had knowledge of the mistake which respondent had made on November 2, 1931, in applying the $5,000 payment on the note which

matured on November 1, 1932, instead of on plaintiff's note, is that plaintiff thereby intended to extend for one year the time for the Appleton Machine Company to pay his note due on November 1, 1931, instead of having the respondent immediately make the offered collection of plaintiff's note, which had become necessary because of the erroneous, premature surrender of the note due November 1, 1932. If it was plaintiff's intention on November 21, 1931, to have that error corrected by the respondent then turning over to him the $5,000, which had been erroneously applied in payment of the note due November 1, 1932, then there was certainly no occasion for the execution of that extension agreement by plaintiff. On the contrary, under the circumstances, that voluntary extension by him of the maturity of his note unequivocally manifests his intention to continue to consider the Appleton Machine Company still indebted to him on that note, and consequently constituted a waiver by him of any right, on his part, to the $5,000 payment to respondent which had been erroneously applied.

Furthermore, to the same effect, and entirely consistent with his manifest intention to waive, are his subsequent acceptances, with knowledge of the material facts, of the interest paid on his note by the Appleton Machine Company as the interest accrued thereon at the rate of six per cent per annum, on May 1, 1932, November 1, 1932, and May 1, 1933. The first two of those payments, made by the Appleton Machine Company, plaintiff received through the First Trust Company of Appleton (which deducted and retained $12.50 as a commission for collection that was originally payable to the Citizens National Bank under a provision in the partial assignment to plaintiff of the interest which he acquired under the mortgage); and the interest due on May 1, 1933, was paid by the Appleton Machine Company directly to him, with the exception of a deduction of $12.50, which he authorized the Appleton Machine Company to

remit to the First Trust Company as its commission, under the provision mentioned above. Those undisputed facts likewise establish the intention on plaintiff's part to continue as the creditor of the Appleton Machine Company by virtue of the note which he still held, instead of considering that note paid on November 2, 1931, and therefore considering the respondent liable to him on account of the payment which it had received from the Appleton Machine Company on that date. Under the circumstances, his acceptance of those payments made by the Appleton Machine Company on account of interest accruing after November 1, 1931, on the principal of the note, which he still held, and on account of which he, as well as the Appleton Machine Company obviously still considered the latter indebted to him, is so inconsistent with the enforcement of a claim against the respondent on the theory that payment of that note had theretofore been received by respondent from the maker in discharge of that note, that a voluntary and intentional relinquishment or waiver of whatever legal rights plaintiff originally had against the respondent in respect to that $5,000 payment will be conclusively presumed. *Somers v. Germania Nat. Bank,* 152 Wis. 210, 219, 138 N. W. 713; *Swedish American Nat. Bank v. Koebernick,* 136 Wis. 473, 117 N. W. 1020; *Pabst Brewing Co. v. Milwaukee,* 126 Wis. 110, 105 N. W. 563; *Fraser v. Ætna Life Ins. Co.* 114 Wis. 510, 523, 90 N. W. 476. Consequently the court erred in denying respondent's motions for a directed verdict, and for judgment notwithstanding the verdict.

*By the Court.*—Cause remanded, with directions to enter judgment dismissing the complaint.