Huebner, Appellant, vs. Fischer and others, Respondents.

*October 11—November 7, 1939.*

For the appellant there were briefs by *Salen & Brenner,* and oral argument by *Clayton A. Cramer,* all of Waukesha.

For the respondents there was a brief by *Frame & Blackstone* of Waukesha, and oral argument by *John E. Blackstone* and *H. J. Frame.*

NELSON, J. On the plaintiff's appeal from the order granting a new trial in the interest of justice, we are of the opinion that the court erred in ordering a new trial. It clearly appears that the court ordered a new trial for the reason that the testimony in the adverse examination relating to the defendant's drinking intoxicating liquor was not specifically called to its attention or offered in evidence. The defendant did not offer the questions and answers in evidence, nor did the plaintiff in any manner refer to them. Upon the trial the defendant was asked no questions relating to his drinking shortly before the accident, and the plaintiff was asked no questions relating to that incident. The plaintiff did not assert in her complaint that the defendant had been drinking, or that his driving was in any way affected by his having drunk intoxicating liquor before the accident. It thus appears that neither party considered that any question as to the intoxication of the defendant was in the case. In our view, the failure of the defendant to drag that issue into the case, a course apparently deliberately pursued, did not constitute a sufficient ground upon which to base an order for a new trial in the interest of justice.

While an order for a new trial in the interest of justice is highly discretionary (*Mellor v. Heggaton,* 205 Wis. 42, 236 N. W. 558; *Besser v. Hill,* 224 Wis. 211, 271 N. W. 921), it ceases to be so when a trial court's views are grounded upon an erroneous view of the law. *Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278; *Kramer v. Bins,* 205 Wis.

562, 238 N. W. 407; *Besser v. Hill, supra; Steiger v. Phipps,* 228 Wis. 1, 278 N. W. 404; *State ex rel. Mahnke v. Kablitz,* 217 Wis. 231, 258 N. W. 840.

We are therefore of the opinion that the order of the trial court granting a new trial in the interest of justice was erroneous and must be reversed.

Upon the defendants' motion to review the court's refusal, (1) to direct a verdict in their favor, (2) to enter a judgment dismissing the complaint notwithstanding the verdict, and (3) to change the answers of the jury which found the defendant guilty of causal negligence and that sixty per cent thereof was attributable to him, we are of the opinion that the court erred in refusing to grant each of such motions. It is now established that a respondent, upon an appeal from an order granting a new trial, may move for a review of other orders asserted by him to have been erroneous notwithstanding the fact that he had moved for a new trial, and to that extent got what he asked for. *Johnson v. Rudolph Wurlitzer Co.* 197 Wis. 432, 439, 222 N. W. 451; *Julius v. First National Bank of Appleton,* 216 Wis. 120, 122, 256 N. W. 792; *Burns v. Weyker,* 218 Wis. 363, 366, 261 N. W. 244. In *Julius v. First National Bank of Appleton, supra,* the court said:

"On such a motion noticed on an appeal taken by an adverse party from an order which granted a new trial, the respondent may have a review of other orders of which he complains, including rulings denying his motions for a directed verdict, or for judgment notwithstanding the verdict, even though the new trial was granted on his motion." Citing *Johnson v. Rudolph Wurlitzer Co., supra.*

Our conclusion that the defendant's motions should have been granted requires a recitation of all of the evidence favorable to the plaintiff. On February 26, 1937, the plaintiff accompanied the defendant on an automobile trip from Oconomowoc to the village of Okauchee where the defend-

ant delivered a coat to a Mrs. Barrett at a tavern. Upon the return trip, when entering Highway No. 19, the defendant was accused of not stopping at the arterial. The name or official identity of the accuser does not appear. As a result of the accusation, Fischer became very angry and an argument followed. The accuser drove to the Little Prison tavern located near Okauchee, and the defendant followed in his automobile. They there again discussed the asserted failure of the defendant to stop at the arterial. At that time the defendant's automobile was parked to the left of the automobile belonging to the accuser. The defendant reached over in front of the plaintiff and opened the right-hand door so that he might talk to his accuser. The argument was continued for some time. Finally the accuser went into the Little Prison tavern. The defendant then started his automobile and the plaintiff closed the door while the automobile was in motion. The defendant's automobile was a Ford coach having wide doors which opened at the front and swung out and to the rear. The handle which operated the latch mechanism at the door on plaintiff's side was situated close to the front of the door. When the plaintiff closed the door, she thought that she had fully closed it. The catch or latch was the double one usually found on automobile doors. After proceeding for about a mile, at a speed estimated by both parties to be about fifty miles per hour, and just before reaching an incline in the highway over a bridge or culvert, the defendant turned his automobile to the center of the road in order better to negotiate the incline. After passing over the incline, the defendant turned his automobile back to his right side of the road. When the defendant turned to the left and then to the right, the plaintiff swayed in the automobile and then discovered that her coat was caught in the door. The plaintiff said nothing to the defendant about the door or about her coat being caught in it. She reached forward and put her hand on the door handle, whereupon the

door flew open and pulled her out of the automobile. The plaintiff had often ridden with the defendant over that same road and was familiar with the incline at the culvert and the manner in which the defendant drove over it. She was familiar with the way the door opened and knew there was a double catch on it.

It is very clear that the plaintiff's injuries were not caused by the speed of the automobile, even assuming that driving over the incline at about fifty miles an hour may have been negligent. It is also clear that the defendant's turning his automobile to the left just before reaching the incline of the culvert, assuming that the turn was sharp enough to be negligent, was not a cause of the plaintiff's injury. All that the turning to the left and then to the right did was to apprise the plaintiff of the fact that her coat was caught in the door. Without saying anything to the defendant, she reached forward and put her hand on the handle of the door which controlled the catch. There is no suggestion that the catch was defective. Upon her taking hold of the handle, the door flew open and pulled her out upon the ground. Putting her hand on the handle of the door, obviously for the purpose of opening the door and releasing her coat, which resulted in the door swinging wide open and pulling her out, was the sole cause of her injury. The jury found that she was guilty of causal negligence in handling the latch of the door as she did and in closing the door as she did. While she may have been negligent in closing the door as the parties were leaving the Little Prison tavern, that obviously did not cause her injury. It was only when she discovered that her coat was caught in the door and that the door was not fully closed that she put her hand on the handle, releasing the catch and permitting the door to swing wide open. Had she not put her hand on the door handle the accident would not have happened. We think it clear, therefore, that the trial court should have granted defendant's motion for a directed verdict upon the

closing of the testimony. Not having done so, the court should have ordered judgment dismissing the plaintiff's complaint, notwithstanding the verdict, or changed the answers of the jury which found that the defendant's negligence as to speed and turning his automobile to the left at the bridge (culvert) were causes of the plaintiff's injuries. Since under the undisputed facts of this case no finding of causal negligence on the part of the defendant is supported by the evidence, the court should have changed the answers which found that sixty per cent of the causal negligence was attributable to the defendant, to "no per cent," and that forty per cent of the causal negligence was attributable to the plaintiff, to "one hundred per cent." Since we are of the opinion that no causal negligence on the part of the defendant was shown, we need not consider the contention of the defendants that the plaintiff, under the undisputed facts of this case, assumed the risk of the defendant's speed or his turning to the left just before he reached the culvert incline.

*By the Court.*—The order granting a new trial is reversed. Upon the defendants' motion for review, the cause is remanded with directions to grant the defendants' motion to change the answers in accordance with the opinion and to dismiss the plaintiff's complaint upon the merits. The defendants to have costs in this court.