BEATTIE, by Guardian *ad litem,* and another, Respondents, vs. STRASSER and another, Appellants.

*February 10—March 10, 1942.*

For the appellants there was a brief by *McHale & Goodnough* of Antigo, and oral argument by *Vernon J. McHale*.

For the respondents the cause was submitted on the brief of *Earl J. Plantz* of Antigo.

FAIRCHILD, J. While an order for a new trial in the interest of justice is highly discretionary, it loses its character as such when the views of the trial court are grounded on an erroneous view of the law. *Huebner v. Fischer* (1939), 232 Wis. 600, 603, 288 N. W. 254. The order here for review granting a new trial in the interest of justice was prompted by a misconception of the duty of the appellant Strasser. He was driving along on a business street evidently giving due care to his progress and watchful of conditions of traffic when his car was run into by a lad darting out from behind parked cars.

The answers of the jury to questions concerning the negligence of Richard Beattie are that he was negligent as to lookout and in crossing the street at a point other than a crosswalk and were in response to testimony in which there was no dispute as to those ultimate facts. The lad, seven years of age, testified: "When we started to run across the street we were in back of some cars parked on the east side of the street. . . . We came out from behind those two cars and started running. . . . As I ran across the street I was looking back over my shoulder." This description of respondent's movements appears to be exact and consistent with the testimony of his young companion and all the witnesses who were present when the injury occurred. He ran into the side of Strasser's car.

The jury in comparing negligence of each actor placed the larger percentage of negligence on respondent Richard Beattie. That finding too has the support of undisputed testimony. It would be difficult to reach the conclusion that appellant Strasser was guilty of failure to exercise ordinary care but that point need not be considered here because of the answers of the jury and the rulings of the court below. It was there suggested that there may have been some confusion arising from the way the question concerning the crossing of the street other than at a marked or unmarked crosswalk was put, that: "The jury might very readily have found that it was negligence upon the part of the boy to cross in the middle of the street under any circumstances." But under the evidence there was no issue raising the question of right of way and an examination of the instructions delivered to the jury by the learned trial judge shows an application of the law governing the circumstances of this case in such apt words as to be incapable of creating a misleading impression.

The testimony of Richard Beattie would certainly sustain the finding of the jury that he was guilty of a much greater percentage of negligence than Strasser could have been.

It is considered that the order granting a new trial is erroneous and must be reversed. The appellants are entitled to a judgment in their favor on the verdict.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment dismissing plaintiffs' complaint.