## In re Fidelity Assurance Association.

*October 16—November 20, 1945.*

*Koontz & Koontz* and *J. Campbell Palmer, III,* all of Charleston, West Virginia, *Robert M. Rieser* of Madison, and *Ira J. Partlow,* attorney general of West Virginia, for the appellants and movants.

*J. Ward Rector,* deputy attorney general, and *Rickard H. Lauritzen* of Milwaukee, for the respondent.

FRITZ, J.   On April 14, 1941, the Banking Commission of Wisconsin (hereinafter referred to as the "commission") obtained,—in proceedings instituted on its petition filed, under sec. 215.33 (2), Stats., in the circuit court for Dane county, in the matter of the Fidelity Assurance Association (a West Virginia corporation, hereinafter referred to as the "association"),—an order which provided:

That possession and control of all of the property, business and assets of that association located in Wisconsin be and thereby is vested in the commission; which is ordered to forthwith take possession of and hold and administer said property, under the supervision and control of said court for the benefit and security of contract, bond or certificate holders and other

creditors of said association who are residents of or located in this state; and that title to securities heretofore deposited by said association with the state treasurer of Wisconsin be likewise vested in the commission, but the custody and possession thereof is to remain in said treasurer pending the further order of the court.

Those securities had been so deposited by the association under and pursuant to secs. 215.38 and 215.39, Stats., in trust for the benefit and security of, and to protect the liability of the association to its contract holders in Wisconsin; and the market value of said securities on April 11, 1941,—after the appointment of receivers in a general equity receivership proceeding against the association in the circuit court of Kanawha county, West Virginia,—was $2,635,277.29. After its appointment as such receiver, the commission, acting under orders of the Dane county circuit court, liquidated approximately fifty per cent of said securities and on May 27, 1941, had received therefor $1,259,244.04, of which it used $1,103,431.97 to make payments of fifty per cent of the cash surrender values of the contracts to persons who were in Wisconsin when they purchased their contracts and until they filed their claims with the commission. Thereafter the commission converted the rest of the securities into cash, and after deducting $27,118.19 as its expenses to April 14, 1944, approximately $1,435,000 remained unexpended. On April 27, 1945, the Dane county circuit court entered an order which, so far as here material, reads:

"1. That only claimants residing in Wisconsin as of April 11, 1941, and those claimants holding contracts carried on the books and records of Fidelity Assurance Association as liabilities protected by the Wisconsin deposit fund, shall have any claim herein, and that the claims of all other persons shall be denied.

"2. That only those claimants who qualify within the provisions of paragraph 1 above, who had contracts which on April 11, 1941, had a net cash surrender value thereto, that is,

cash surrender value as of April 11, 1941, plus additional credits and advance payments and less any loans, with interest to April 11, 1941, shall have a claim against the deposit fund being administered by the Banking Commission of Wisconsin, such claimants to be allowed claims for one hundred per cent of the net cash surrender value of their respective contracts as of April 11, 1941.

"3. All such contract holders who have claims in accordance with paragraph 2 above in the amount of the net cash surrender values of their contracts shall be allowed interest to be computed and paid on such claims at the rate of six per cent per annum from April 1, 1941.

"4. That contract holders having claims to be allowed in Wisconsin in accordance with the foregoing are entitled to a *pro rata* distribution of the funds comprising the Wisconsin deposit less the fees and expenses of these proceedings.

"5. That any claim of the said West Virginia receivers and auditor and ex-officio insurance commissioner of the state of West Virginia for the payment to them of the amount existing in said Wisconsin deposit fund over and above the amount of the aggregate net cash surrender values of contracts, held by claimants herein in accordance with this order, be denied, and the Banking Commission of Wisconsin be allowed and permitted to disburse the funds comprising said Wisconsin deposit in accordance with the terms and provisions of this order."

Notice of an appeal taken by the receivers appointed in the West Virginia receivership proceedings, and by the auditor of that state from the provisions in paragraphs Nos. 3, 4, and 5 of that order was served on the commission. It then noticed a motion under sec. 274.12, Stats., for a review on that appeal of also the provisions in paragraph No. 2 of the order. Thereupon, the West Virginia receivers and the auditor and Robert M. Rieser, a contract holder residing in Wisconsin, joined in a motion in this court for the dismissal of the commission's motion to review. From the briefs filed by the parties in relation to that motion it appears that the West Virginia receivers and auditor appealed from paragraphs Nos. 3, 4, and 5 of the order because they claim that the court, in

ordering payment to Wisconsin contract holders who, under their contracts, had a net cash surrender value, erred in ordering (in paragraph No. 3) that they shall be allowed also interest thereon at six per cent per annum from April 14, 1941. amounting to approximately $330,000 which, if not so ordered to be paid, should have been ordered to be paid to the appellants. On the other hand it appears that the commission seeks the review of the provisions of paragraph No. 2 of the order because it claims that the court,—instead of thereby limiting the distribution of the proceeds in question to only those Wisconsin claimants who had contracts which on April 14, 1941, had a net cash surrender value,—should have included as distributees all Wisconsin contract holders, and distribution to them should have been made on the basis of the amount paid in by each, together with six per cent interest on each payment to the date of the receivership; and that if the court had so ordered there would be no surplus to be turned over to appellants. In considering those claims it must be noted that there is no provision in the order of April 27, 1945, which can be deemed to direct the disposition of any such surplus or to authorize the removal from Wisconsin of any of the proceeds of the securities in question. Instead, by provisions in paragraph No. 5 of the order there is expressly *denied* "any claim" of the West Virginia receivers and auditor for the payment to them of the amount of the deposit fund in excess of the aggregate net cash surrender value of contracts held by the Wisconsin claimants; and it is provided that the commission "be allowed and permitted to disburse the fund comprising said Wisconsin deposit in accordance with the terms and provision of this order." Consequently in the absence of some future order by the court to the contrary, there can be no lawful removal of any part of that fund from Wisconsin to West Virginia.

Appellants' principal contention in support of their motion to dismiss the commission's motion for a review is that the commission has no immediate, pecuniary, or other substan-

tial interest in the subject matter involved under the provisions in paragraph No. 2 of the order, and that therefore it is not aggrieved or prejudicially affected thereby, and has no appealable interest or right to appeal therefrom or have a review thereof on a motion under sec. 274.12, Stats. The purpose of this statute is "to enable a party *who is adversely interested* in an appeal, generally the respondent, to secure a review of alleged *errors prejudicially affecting him." Lezala v. Jazek,* 170 Wis. 532, 539, 175 N. W. 87, 176 N. W. 238; *Hilam, Inc., v. Petersen Oil Co.* 217 Wis. 86, 93, 258 N. W. 365. As we said in *In re Farmers Exchange Bank,* 242 Wis. 574, 587, 8 N. W. (2d) 535, 9 N. W. (2d) 595,—

"It is a well-established rule of law that the right of appeal is a statutory right and does not exist except where expressly given and cannot be extended to cases not within the statute. [Citations.] As was pointed out in *State ex rel. Milwaukee Medical College v. Chittenden* (1906), 127 Wis. 468, 508, 107 N. W. 500, the appellate jurisdiction of the constitution is one thing, but the right of appeal is another, and is a creature of the legislature, and does not exist where the legislature has not acted."

And as this court said in *Powers v. Powers,* 145 Wis. 671, 674, 130 N. W. 888,—

". . . the right of appeal, irrespective of statute, is not in every party to a judgment, but is confined to parties aggrieved in some appreciable manner thereby. *Larson v. Oisefos,* 118 Wis. 368, 95 N. W. 399. And if the appellant cannot show his right to prosecute the appeal by statutory provisions or by the fact that he is aggrieved by the decision involved, the proper practice is to dismiss the appeal."

As there is no special statute authorizing the commission to appeal from such an order as is involved herein, the determination as to whether it can appeal or have a review under sec. 274.12, Stats., of the provision in question depends upon

whether the commission is a "party aggrieved" within the meaning of that term as used in sec. 274.10, Stats.

As is stated in 2 Am. Jur., Appeal and Error, p. 945, sec. 152,—

"A party is aggrieved if he would have had the thing if the erroneous judgment had not been given. Or, as it is sometimes put, in a legal sense a party is aggrieved by a judgment or decree whenever it operates on his rights of property or bears directly upon his interest. A broader and more comprehensive definition is that an aggrieved party, within the meaning of a statute governing appeals, is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment."

In *Estate of Bailey*, 205 Wis. 648, 651, 238 N. W. 845, we said, "As the administrator does not represent any particular heir, it is generally held that he is not aggrieved if some heirs receive less than they are entitled to by the order of distribution and, consequently, the administrator has no right to appeal." But, after citing cases to that effect, we added, "This is an open question in this court, and a decision thereof does not seem necessary at this time. . . ." And in connection with stating in *Will of Asby,* 232 Wis. 481, 489, 287 N. W. 734, that an executor "is interested as the chosen representative of the deceased to see that her will is carried into effect," we recognized, however, the rule that "an executor is not primarily interested in whether a beneficiary shall receive a greater or a lesser share of an estate."

Under the order of April 14, 1941, the commission had no immediate, pecuniary, or substantial legal or beneficial interest in its own right in the association's assets, or the securities deposited with the state treasurer in Wisconsin. The possession, control, and holding thereof was vested in the commission solely for the administration and liquidation thereof under the supervision and control of the Dane county circuit

court for the benefit of the association's contract, bond or certificate holders who resided or were located in Wisconsin, and for such distribution or disposition of the net proceeds thereof to and among them as that court ordered. Consequently the commission's administrative functions, powers, and interest in relation to those assets and securities and the distribution or disposition of the net proceeds ordered by the court are virtually the same as those of a receiver appointed by a court in a general receivership proceeding; and there is applicable to the commission as such receiver the general rule of law that,—

". . . a receiver cannot appeal from an order or decree of court distributing the estate in his hands, or merely determining the relative rights of creditors, and not involving an increase or diminution of the assets as a whole." 2 Am. Jur., Appeal and Error, p. 963, sec. 190.

As is stated in connection therewith,—

"A receiver, being a mere officer of court, has, as a general rule, no right, in the absence of previous authority from the court of his appointment, to appeal from a judgment respecting the receivership. To allow receivers to review the rulings of the court under whose appointment they act, without first obtaining authority for that purpose, would tend to the consumption of the fund in the payment of costs and attorneys' fees, rather than to the conservation of the interest of those for whose benefit insolvent funds are administered."

See *Bosworth v. Terminal R. R. Asso.* 174 U. S. 182, 19 Sup. Ct. 625, 43 L. Ed. 941 (affirming the decision of the circuit court of appeals reported in 80 Fed. 969); *State v. State Bank & Trust Co.* 36 Nev. 526, 137 Pac. 400; *Cobbs v. Vizard Inv. Co.* 182 Ala. 372, 62 So. 730; *Lindsay v. Stemper,* 166 Md. 257, 170 Atl. 766; *Strauss v. Carolina Interstate B. & L. Asso.* 118 N. C. 556, 24 S. E. 116; *Battery Park Bank v. Western Carolina Bank,* 127 N. C. 432, 37 S. E. 461; *State ex*

*rel. Miller v. People's State Bank,* 22 N. D. 583, 135 N. W. 196; *Foreman v. Defrees, Brace & Ritter,* 120 Ill. App. 486; *Priest v. Amos,* 87 Ind. App. 609, 161 N. E. 272; 4 C. J. S., Appeal and Error, p. 384, sec. 203.

The commission contends that the privilege granted a respondent by sec. 274.12, Stats., for a review of rulings of which he complains is not conditioned on a respondent having the right to take an appeal from such ruling. The commission relies upon the decisions in *Huebner v. Fischer,* 232 Wis. 600, 288 N. W. 254, and *Julius v. First Nat. Bank of Appleton,* 216 Wis. 120, 256 N. W. 792, that on such a motion a respondent can have a review of the court's rulings refusing to direct a verdict, or to enter judgment notwithstanding the verdict, or to change a jury's answer in the special verdict, even though no appeal could have been taken directly from any such ruling because it is not within any of the classes of the orders from which the taking of an appeal is authorized by sec. 274.33, Stats. It should be noted that by the rulings complained of in the *Huebner* and *Julius Cases* the respondents were so aggrieved and prejudicially affected that they had an appealable interest because of which they could have appealed directly therefrom if the rulings had been within any of the classes of orders mentioned in sec. 274.33, Stats. It is only because a review of such rulings, if complained of by a respondent, is expressly authorized by sec. 274.12, Stats., when an appeal has been properly taken from a judgment, or an order appealable under sec. 274.33, Stats., by a party entitled to appeal therefrom, that the respondent may have a review thereof. There is, however, no provision in the statutes which can be deemed to extend the privilege of having such review to a respondent who, because he has no immediate, pecuniary, or substantial interest in the subject matter involved under the ruling, is not aggrieved or prejudicially affected thereby; and therefore has no appealable interest.

Likewise, *Lewis v. American Savings & Loan Asso.* 98 Wis. 203, 73 N. W. 793, is not in point. In that case this court

held that a receiver of a Minnesota corporation, appointed by a Minnesota court, could not recover from a receiver of the corporation, appointed by the circuit court for Dane county, the securities which the corporation had deposited with the treasurer of Wisconsin under secs. 2014—17 and 2014—18, Stats. 1898, in trust for the benefit and security of its stockholders in Wisconsin, and which the treasurer had turned over to the Wisconsin receiver pursuant to an order of the circuit court. There was no order for the distribution of the proceeds of the deposited securities to or among the stockholders entitled to participate in the security or benefits thereof. The Minnesota receiver appealed from an order of the circuit court sustaining a demurrer to the receiver's answer and counterclaim upon which he prayed to have the court order that all the securities be turned over to him by the Wisconsin receiver. On the appeal this court determined that the Minnesota receiver was not entitled to have the securities turned over to him; but in doing that there was not involved or decided any question as to whether a receiver had the right to appeal from an order for the distribution of a fund to and among those who were held by the court to be entitled to participate in such distribution.

*By the Court.*—Appellants' motion to dismiss the motion of the Banking Commission of Wisconsin for a review under sec. 274.12, Stats., is granted.

WICKHEM, J., took no part.