TOWN OF GREENFIELD, Appellant, vs. JOINT COUNTY SCHOOL COMMITTEE OF MILWAUKEE and WAUKESHA COUNTIES, Respondent.

*November 11—December 6, 1955.*

For the appellant there were briefs by *Paul Gauer,* attorney, and *Robert J. Buer* of counsel, both of Milwaukee, and oral argument by *Mr. Buer.*

For the respondent there was a brief by *Oliver L. O'Boyle,* corporation counsel of Milwaukee county, and *C. Stanley Perry,* first assistant corporation counsel, and oral argument by *Mr. Perry.*

STEINLE, J.    Upon this appeal we are obliged to determine whether the trial court erred in its finding and order that the town of Greenfield had a legal right to appeal to the court from the order of the Joint Committee. Specifically the question presented is whether the town of Greenfield is

an "aggrieved person" within the meaning of sec. 40.03 (5), Stats.

The town of Greenfield contends that it has been substantially aggrieved in that under the School Committee's order, a school district in the town will be left with a comparatively small tax base, the effect of which will destroy the educational advantages heretofore enjoyed by the children of the remaining area of the district; that since the order creates a school district of improper size, there is bound to be inefficient and uneconomical use of present buildings, equipment, administrative and supervisory personnel; that in order to operate a good school the remaining part of the school district will be burdened with a harsh and excessive tax rate.

The town maintains that it has a financial interest in the matters included in the Joint Committee's order. It predicates such position on its responsibility under sec. 4, art. X, Const., which provides that each town shall be required to raise by tax, annually, for the support of common schools therein, a sum not less than one half the amount received by it for school purposes from the income of the school fund.

Financial interest is also claimed for the reason that under sec. 40.91, Stats., the town is charged with the high-school tuition of pupils in the district as well as with their transportation, and that the moneys for same are paid out of town funds as provided in sec. 74.03 (5) (d). The town submits that under the Joint Committee's order, pupils of the town in the area affected will be denied facilities of the West Milwaukee high school and the town will be obliged to pay their tuition and transportation elsewhere from general funds.

Under the provisions of secs. 40.03 (1) and 40.06, Stats., the county school committee and the town board, respectively, are given concurrent authority to reorganize school districts. In the instant situation the County School Committee preempted the field. The town of Greenfield contends that since it has concurrent authority in the matter, it is in fact a party

in interest, and that it may challenge the constitutionality of the creation of the County School Committee, and may challenge the validity of such School Committee's order on ground of abuse of power.

The town of Greenfield also rests its claim of right to appeal from the School Committee's order upon sec. 40.05, Stats., which in part provides:

"The governing bodies of all towns . . . shall, within thirty days after receipt of a written request from the county school committee, advise and make recommendations to the committee in writing concerning the division of existing school districts within the limits of their respective municipalities which the committee proposes to include in any reorganization of school districts."

The town of Greenfield further predicates its right to appeal from the School Committee's order upon basis of authority in secs. 60.18 (12) and 61.34, Stats., which provide that every town is invested with power to act for the government and good order of the town, for its commercial benefit, for the health, safety, welfare, and convenience of the public; and that such grant of power shall be liberally construed in favor of the rights, powers, and privileges of the town to promote the general welfare, peace, good order, and prosperity of the town and its inhabitants.

The respondent maintains that the Joint Committee's order in nowise affects the town of Greenfield as a municipal entity; that town taxes as such were not involved; that the town board in ordering the appeal, acted without direction of the electors to take sides as between two groups of electors in school matters; that if, by the order of the Joint Committee, taxes are raised in a certain portion of the town, they may for the same reason be lowered in other areas, and that in each case, they are not town taxes, but are school-district taxes.

Respondent also challenges the town of Greenfield's right to appeal from the order of the School Committee for the reason that the town as a municipal entity was not a party to the order; that not all of the town territory is involved; that the town's action necessitates the expenditure of general town funds for the benefit of one group of taxpayer town residents contrary to the welfare of other groups of town taxpayers; that the rights of residents of the school district involved are not rights possessed equally by all residents of the town.

With reference to the town's claim that it has a financial interest in the order of the School Committee, respondent submits that previous to the rendering of such order, the pupils affected did not reside in a high-school district, and that the order effectuated no change in the status of such pupils. Respondent also maintains that since the School Committee pre-empted the field and acted within its legislative or administrative capacity, the town possessed no right to challenge the order.

Respondent also contends that although under sec. 40.05, Stats., the town board is required to advise and make recommendations to the School Committee when requested, there is no obligation on the part of the School Committee to follow such advice or recommendation, and that the town may not appeal from the committee's order were the advice or recommendation not followed.

The right of appeal is statutory and does not exist except where expressly given, and cannot be extended to cases not within the statute. A person is aggrieved by a judgment whenever it operates on his rights of property or bears directly on his interest. An "aggrieved party" within the meaning of a statute governing appeals is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment. *In re Fidelity Assur. Asso.* (1945), 247 Wis. 619, 20 N. W. (2d) 638. The word "aggrieved"

refers to a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation. *Bowles v. Dannin* (1938), 62 R. I. 36, 2 Atl. (2d) 892. These principles are applicable to an order specified in sec. 40.03 (5), Stats., governing appeals from school-committee orders.

When a person has a legal interest in the subject matter of a reorganization order made by a county school committee under authority of sec. 40.03 (1), Stats., he is entitled to appeal to the court regardless of whether he participated in the proceedings before the school committee.

A town and a school district are separate governmental units. Each has its own function. The voting of taxes for school purposes is a school-district function. The collection of such taxes by the town does not entitle the town to participate in the function of the school district. Sec. 4, art. X, Const., does not confer upon a town the right of determining the financial needs of a school district. A county school committee and a town are distinct entities, each performing a separate governmental function. The statutes, secs. 40.03 (1) and 40.06, confer authority upon county school committees and towns, respectively, to create, alter, consolidate, or dissolve school districts. However, when one of these governmental units has pre-empted the field, the other has no interest in the reorganization of the territory involved entitling it as a matter of right to either participate in the proceedings of the unit that has assumed jurisdiction, or to appeal from an order of reorganization made in such proceedings. That either the county school committee or the town may pre-empt the field under these statutes, was established in *Oak Park School Dist. v. Callahan* (1944), 246 Wis. 144, 16 N. W. (2d) 395.

Appellant in contending that it had the right to appeal, relies on *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 53 N. W. (2d) 514, 55 N. W. (2d) 40, where

it was held that a citizen of this state who was entitled to enjoy the state's navigable streams for recreational purposes, had a legal right to challenge an order of the public service commission which permitted the erection of a dam which interfered with the public's enjoyment of the navigable waters involved. In that case it was also held that the conservation commission, as an agency of the state protecting the public interest, had the right to intervene in the proceedings for review. Here the enactment of the legislature with respect to its control of the formation of school districts, as well as the action of the School Committee in carrying out the legislative will with respect to the forming of school districts, is challenged by the town. While it may be said that education is at least as much affected with public interest as is the enjoyment of navigable waters, nevertheless, when challenging the state's program regarding education, it must appear that the person making the challenge was directly affected thereby. In the instant matter the town of Greenfield as an entity was not so affected.

Under provision of sec. 40.05, Stats., a town board when requested by a county school committee, shall advise and make recommendations to the committee regarding the division of existing school districts within the limits of the town. It is plain that under this statute there is no obligation on the part of the county school committee to seek the advice of the town board with respect to any division of the school districts in the town. Further, it is clear, that notwithstanding such request, advice, or recommendation, there is no duty upon the committee to observe the advice or recommendation given by the town. Had it been intended that the school committee be bound with respect to the views of the town in regard to the division of school districts in the town, the legislature could easily and with competence have so provided. Manifestly, it was not the intention of the legislature to clothe the town with a legal interest in regard to this subject.

We are constrained to hold that the town of Greenfield was not a "person aggrieved" within the meaning of sec. 40.03 (5), Stats. The court was without jurisdiction to have entertained the town of Greenfield's appeal from the order of the Joint Committee.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the town of Greenfield's appeal from the order of the Joint Committee.