VILLAGE OF BROWN DEER and another, Plaintiffs, vs. CITY OF MILWAUKEE and others, Defendants. [Two appeals.]

*October 11—November 7, 1956.*

52

56

For the plaintiff village of Brown Deer there were briefs and oral argument by *Harold H. Fuhrman* of Milwaukee.

For the defendant city of Milwaukee there were briefs by *Walter J. Mattison,* city attorney, *Richard F. Maruszewski* and *John F. Cook,* assistant city attorneys, attorneys, and *Harry G. Slater,* deputy city attorney, of counsel, and oral argument by *Mr. Maruszewski, Mr. Cook,* and *Mr. Slater.*

For the defendants town of Granville and Joseph F. Shaughnessy, town clerk, there was a brief and oral argument by *William C. Dineen* of Milwaukee.

For the defendants Joint Union High School District of the town of Granville and village of Brown Deer and W. C. Whitten there were briefs by *von Briesen & Redmond,* attorneys, and *George F. Redmond* of counsel, all of Milwaukee, and oral argument by *George F. Redmond.*

WINGERT, J. On the principal questions presented, we conclude that the trial court was right in overruling Milwaukee's demurrers to the amended complaint of Brown Deer and the cross complaint of Sewell, but erred in sustaining Milwaukee's demurrer to the cross complaint of the high-school district and Whitten and erred in denying permission to Milwaukee to plead over to certain of the causes of action stated in Brown Deer's amended complaint.

Since the case is here on demurrers, all facts set forth in the amended complaint and cross complaints are taken as true.

1. The first question is whether Brown Deer's Corrigan, Tripoli, Johnson, and Brown Deer Park annexations were rendered ineffectual by the ordinances for the consolidation of Granville and Milwaukee, which ordinances were duly approved in the referendum required by statute. We hold that the annexations were not so nullified.

It is the established law of this state that in case of conflict between competing annexations, or between an annexation and a proceeding for the incorporation of a city or village, the proceeding first instituted has precedence, and the later one must yield. *In re Incorporation of Village of St. Francis,* 208 Wis. 431, 436, 243 N. W. 315; *Greenfield v. Milwaukee,* 259 Wis. 77, 79, 47 N. W. (2d) 292. Such a proceeding is "instituted" when the first procedural step required by the governing statute is taken. In the case of an annexation under sec. 62.07, Stats., the first procedural step is the posting of the notice, required by sub. (1) (a), that an annexation petition is to be circulated. *Greenfield v. Milwaukee,* 259 Wis. 77, 83, 47 N. W. (2d) 292.

The statutory notices of circulation of the annexation petitions for the Corrigan, Tripoli, Johnson, and Brown Deer Park annexations were respectively posted October 4, 1955, January 23, 1956, October 5, 1955, and February 9, 1956; hence those proceedings were instituted on and claimed priority from those dates.

The first procedural step required by statute for consolidation under sec. 66.02, Stats., is the adoption of a consolidation ordinance. Milwaukee's consolidation ordinance was adopted March 12, 1956, and that of Granville on March 14, 1956. Neither a letter from the town board of Granville to Milwaukee dated January 20, 1956, asking when a committee would be appointed to meet with the town board for the pur-

pose of negotiating a consolidation agreement, nor a resolution adopted by the city's common council on January 24th directing the committee on judiciary legislation to negotiate with the town for a consolidation agreement and upon completion thereof to introduce an ordinance to effect such consolidation, was a step required by statute and neither amounted to the institution of consolidation proceedings within the priority rule of the cases above cited. Hence the date of institution of the proceedings for the Granville-Milwaukee consolidation, for priority purposes, was March 12, 1956.

It is apparent from the foregoing chronology that under the established rule of priority the four Brown Deer annexations have precedence over the consolidation and are not disturbed thereby, unless consolidations are not governed by the same principles of priority that apply to annexations and incorporations. Milwaukee contends that a consolidation has a preferred status in that respect, and when in conflict with annexations is not subject to the rule of priority applicable to the latter. Legislative intent to accord a superior standing to consolidation is asserted on the basis of various considerations.

The statutory authority for consolidation is found in a single section of the statutes, sec. 66.02, Stats., which is as follows:

"Any town, village, or city may be consolidated with a contiguous town, village, or city, by ordinance, passed by a two-thirds vote of all the members of each board or council, fixing the terms of the consolidation and ratified by the electors at a referendum hold in each municipality. The ballots shall bear the words, 'for consolidation,' and 'against consolidation,' and if a majority of the votes cast thereon in each municipality shall be for consolidation, the ordinances shall then be in effect and shall have the force of a contract. The ordinance and the result of the referendum shall be certified to the clerk of the consolidated corporation and by him recorded and certified as provided in section 61.11 if a

village; or subsection (6) of section 62.06 if a city; to the county clerk, if a town and the certification shall be preserved as provided in subsection (6) of section 60.05, section 61.11, and subsection (6) of section 62.06, respectively. Consolidation shall not affect the pre-existing rights or liabilities of any municipality and actions thereon may be commenced or completed as though no consolidation had been effected."

The authority for annexations is conferred by sec. 62.07, Stats. (made applicable to villages by sec. 61.185), of which the provisions of greatest present importance are the following:

"(1) *Annexation procedure.* Territory adjacent to any city may be annexed to such city in the manner following:

"(a) A petition therefor shall be presented to the council 1. signed by a majority of the electors in such adjacent territory and by the owners of one half of the real estate within the limits of the territory proposed to be annexed, or 2. if no electors reside in the said adjacent territory signed by the owners of one half of taxable property therein according to the last tax roll, or 3. by a majority of the electors and the owners of one half of the real estate in assessed value; provided, that no petition for annexation shall be valid unless at least ten days and not more than twenty days before any such petition is caused to be circulated, a notice shall be posted in at least eight public places in the municipality in which the adjacent territory is located, and a copy of such notice published in a newspaper of general circulation within the county in which said adjacent territory is located, at least ten days prior to the time when such petition is caused to be circulated, such notice to set forth that an annexation petition is to be circulated, and including an accurate description of the territory involved.

"(b) An ordinance annexing such territory to the ward or wards named therein shall be introduced at a regular or special meeting of the council after the filing of the petition, be published once each week for four successive weeks in the official paper and thereafter be adopted at a regular or special meeting by two thirds of all the members of the council.

"(3) *Time of taking effect.* The ordinance authorized by sub. (1) (b), and the final ordinance of acceptance authorized by sub. (2) (b), shall not operate to attach or detach the territory until ninety days after the passage thereof, or in case of referendum, ninety days after its approval, . . . The validity of the proceedings shall not be collaterally attacked, nor in any manner called in question in any such court unless the proceedings therefor be commenced before the expiration of either of the ninety-day periods herein provided for."

On careful consideration of these statutes and others that have been cited to us, we are unable to discern any legislative intent to give consolidation a preferred status over annexation or incorporation, or to exempt consolidation from the rule of priority applicable to those other methods of transferring territory from one jurisdiction to another. On the contrary, the last sentence of the consolidation statute, sec. 66.02, Stats., is as follows:

"Consolidation shall not affect the pre-existing rights or liabilities of any municipality and actions thereon may be commenced or completed as though no consolidation had been effected."

Thus the legislature has industriously recognized and preserved the pre-existing rights not only of the consolidated municipalities but of *any* municipality. Applied to the present case, the quoted provision is broad enough to recognize and preserve the pre-existing rights obtained by Brown Deer through the institution of annexation proceedings.

We find nothing in the statutory history of the various pertinent statutes which throws any different light on their interpretation with respect to the matter of priority.

It is argued that a preferred status for consolidations may be distilled from the fact that sec. 66.02, Stats., requires action by the governing bodies of two municipalities and ratification by referendum in each, and that consolidation is immediately effective upon such ratification by the electors,

while annexation requires action by only one municipality, and a referendum is not mandatory, and the annexation does not become effective to attach the annexed territory until ninety days after passage of the ordinance.

We cannot agree that these differences imply a superior status for consolidation. Presumably sec. 66.02, Stats., requires action by two municipalities because one of them will lose its separate existence. In annexation, action is required by a majority of the electors and by the owners of half of the real estate in the territory to be annexed, they being the persons most directly affected. The ninety-day waiting period applicable to annexation does not imply inferiority, but merely a different conception on the part of the framers of the two statutes as to what is the best and most practical procedure for the particular operation dealt with. It is to be observed that over the years the two statutes have been developed separately.

It is also contended that since the consolidation statute requires no advance posting of notice or other procedural step prior to the adoption of a consolidation ordinance, while the annexation law requires advance posting and publication of notice and filing of a petition, the priority rule should not be held applicable to consolidations. It is said that the rule would greatly handicap consolidations because extended advance planning and study are required to bring them about and they could be defeated by irresponsible posting of annexation notices at any time prior to the adoption of the consolidation ordinance. These differences in the two statutes do not demonstrate to us any legislative plan which would give consolidation a preferred standing with respect to priorities. It could as well be argued that consolidation has been the object of less legislative solicitude than annexation, and that since the last amendment in 1921, the legislature has not given attention to the effect on the practical operation of that section resulting from the priority rule which was first given prominence in the *St. Francis Case* in 1932.

To the arguments based on the practical difficulty of preserving a carefully planned consolidation from erosion of territory by the posting of annexation notices at any time before the consolidation ordinance is adopted, it is a sufficient answer that such argument is more properly addressed to the legislature. The priority rule is well established in this court, and we are referred to nothing in the statutes or in our decisions to take the present case out of it. If its application works a hardship in a particular case, the remedy lies with the legislature. It may well be that the whole subject of annexation and consolidation should have legislative study in the light of changing conditions.

It may be noted, however, that a territory cannot be exempted for long from a competing consolidation by irresponsible posting of annexation notices, for in order to hold its priority, the annexation must be completed within a reasonable time. *In re Village of Brown Deer,* 267 Wis. 481, 484, 66 N. W. (2d) 333.

Milwaukee makes much of the contention that the town may "preserve its territorial and functional integrity" by consolidation, whereas annexation is viewed as a disintegrating process. We do not see that the town, as such, preserves its integrity by merging with a vastly larger city. On the other hand, exclusion of the annexations from the consolidation appears in the present case to carry out the wishes of more of the town's citizens than would the contrary decision, for we are told that at the town referendum on approval of the consolidation, a majority of those voting in the area affected by the annexations voted against consolidation, and would be brought into Milwaukee against their wishes and by reason of the votes of the larger number living nearer to the boundaries of the city, were consolidation to be held to override the annexations.

Stress is laid by the city on the argument that since sec. 62.07 (3), Stats., provides that an annexation shall not operate to attach or detach territory until ninety days after

passage of the ordinance, the areas now in dispute were still part of Granville when the consolidation ordinances were passed and approved by referendum and were subject to the town's jurisdiction and to all of the powers of its town board. From this it is argued that the town board was free to bring the annexed territory into the city by consolidation, and thus nullify the annexations. This view begs the question, since it wholly disregards the priority rule. To be sure, the town may exercise jurisdiction during the ninety-day period, but not in such a way as to "affect the pre-existing rights . . . of any municipality," including the priority rights of the annexing municipality. (Sec. 66.02.)

Concluding this part of the case, we hold that nothing in the statutes takes the present case out of the well-established priority rule, that on the contrary the provisions of sec. 66.02, Stats., are consistent with the application of that rule to consolidations, and that this court should not read an exception of consolidations into the priority rule.

It follows that the demurrers to the first four causes of action of Brown Deer's amended complaint and to Sewell's cross complaint were properly overruled.

2. The Laun annexation presents a slightly different question, for while notice of circulation of the annexation petition was posted on January 23, 1956, no annexation ordinance had been adopted when this action was commenced or when the amended complaint was served, and it does not appear that such an ordinance had been adopted when the decision appealed from was rendered. We hold that this annexation, if otherwise valid and if pressed in good faith and completed within a reasonable time, will be effective as an annexation to Brown Deer and withdrawn from the consolidation. The lower court was therefore right in overruling the demurrer to the fifth cause of action of the amended complaint.

3. The next question is whether the consolidation is valid and effective with respect to the territory of the town of

Granville which was not subject to the annexations which we have held to have priority. The learned circuit judge was of opinion that the exclusion of the annexed territories resulting from application of the priority rule rendered the entire consolidation invalid, and he therefore overruled Milwaukee's demurrer to the seventh and eighth causes of action of the amended complaint, which asserted invalidity of the consolidation ordinances.

We hold that the consolidation is not wholly invalidated by the mere fact that prior annexation proceedings prevent it from becoming fully or permanently effective with respect to portions of the Granville territory. It is true that the consolidation ordinances purport to consolidate the entire town of Granville with Milwaukee, and the electors voted for consolidation at the referendum and thereby approved the ordinances, and the areas affected by the Brown Deer annexations were still part of the town of Granville, the annexations not having yet become effective by expiration of the ninety-day waiting period specified by sec. 62.07 (3), Stats. On the other hand, both the city and the town authorities were fully apprised of the priority claims made by Brown Deer and the proponents of the annexations, and they inserted in each consolidation ordinance the following severability provision:

"If any provisions of this ordinance are invalid or unconstitutional, or *if the application of this ordinance to any person or circumstances is invalid* or unconstitutional, such invalidity or unconstitutionality shall not affect the other provisions or applications of this ordinance which can be given effect without the invalid or unconstitutional provision or application." (Emphasis supplied.)

When the common council and the town board voted for the consolidation ordinances, and when the electors voted to approve them, they did so in the presence of the severability provision, and also in the presence of the provision of sec. 66.02, Stats., that "consolidation shall not affect the pre-

existing rights or liabilities of any municipality." Their action may therefore be construed as electing to take what was left if they could not also get the areas involved in the annexations. In such a situation we see nothing to prevent the consolidation taking effect to the full extent consistent with the outstanding priorities. This result will tend to minimize the risk that extensive consolidations may be defeated by prior institution of proceedings to annex a small part of the territory to another municipality.

While we hold that the consolidation was not invalidated *ipso facto* by the annexations, we do not now, on demurrer, pass upon its validity in other respects. Validity is challenged on the ground of alleged failure to comply with statutory requirements on other grounds. While some of the objections might perhaps be disposed of now, as pure questions of law, others appear to involve questions of fact, and we think it best that all of them that may be pressed by the objectors after the present decision be tried in the circuit court.

It has been suggested that recognition of priority to the annexations would leave the annexed areas without any government during the interval of several weeks between the effective date of the consolidation and the effective dates of the annexations. We consider however, assuming the validity of the consolidation, that the territories subject to the annexations went into the city with the rest of the town until the annexations became effective, at which times, respectively, they were transferred from the city to Brown Deer. The consolidation, if valid, was not wholly ineffective as to them but operated upon them subject to the defeasance occurring when the annexations took effect.

4. We next consider the effect of the consolidation, if valid, on the boundaries of the high-school district. The district's cross complaint alleges that it has commenced the construction of a high-school building on a site in Brown Deer, for which the electors of the school district approved

a bond issue of $1,400,000; that construction costs have turned out to be more than was estimated; that in order to complete the building to a point where it will be usable for school purposes, it will be necessary to raise between $300,000 and $400,000 additional funds; and that the claims of Milwaukee that the consolidation operates automatically to detach the territory of the former town of Granville from the high-school district have made it impossible to obtain additional money, because of the great contraction of the district's tax base which would result from such detachment of territory. It is also alleged that the asserted detachment of territory would so reduce the number of pupils in the district that it would be difficult, if not impossible, to operate the high school even if its construction could be completed, and further, that the electors and taxpayers remaining in the district would be required to assume its full indebtedness and would thus be subjected to an unconscionable and confiscatory burden.

The circuit court sustained Milwaukee's demurrer to the high-school district's cross complaint, probably with the thought that the decision that the consolidation ordinances were wholly invalid eliminated the high-school district's need for relief.

Before reaching the merits, we are confronted with a contention by Milwaukee that the high-school district's case is not properly before the court, because neither the district nor the taxpayer Whitten has any right to contest alteration of the district's boundaries, and also because an indispensable party, the board of school directors, has not been joined. Consistently with that view, the city attorney has not submitted a brief on the substantive question of the effect of the consolidation on the high-school district's boundaries.

It is our opinion that both the high-school district and the taxpayer have standing to seek the relief requested in the cross complaint. It was early held in this state that a school

district has capacity to maintain an action, *District No. 3 v. Macloon,* 4 Wis. *79, and Milwaukee concedes that the high-school district has such capacity. This court has also held that a taxpayer can successfully invoke the power of equity to enforce the right of a public corporation where there is a danger that such corporation will otherwise suffer substantial injury which to some extent will affect the taxpayer. *Ebert v. Langlade County,* 107 Wis. 569, 573, 83 N. W. 942. The cross complaint now before us clearly sets forth a case for declaratory judgment under sec. 269.56 (2), Stats.

The city cites *Zawerschnik v. Joint County School Comm.* 271 Wis. 416, 73 N. W. (2d) 566, in support of its contention that the high-school district and its taxpayer are not in position to demand the relief they seek. The case does not sustain the city's contention. We held in *Zawerschnik* that taxpayers could not complain of a rearrangement of school districts which had been ordered by a joint committee of county school committees, organized pursuant to sec. 40.02 (5), Stats. The legislature having established agencies and procedures for changing the boundaries of school districts, and those procedures having been followed by an appropriate agency, the complainants could not object to the changes so made, since they were matters of policy for the legislative department. Nothing in that decision prevents either the high-school district or the taxpayer, in the serious situation described in their cross complaints, from seeking a judicial declaration as to whether the consolidation under sec. 66.02, which contains no provisions whatever with respect to school-district boundaries, operated to partition the high-school district and thereby create the difficult problems alleged.

Milwaukee further argues that the public schools in the city are under the management, control, and supervision of the board of school directors (sec. 38.015 (1), Stats.), which has power to fix the boundaries of school districts in the city (sec. 38.07 (5)), that the board is an independent public

body, distinct from the common council (*State ex rel. Roel-vink v. Zeidler,* 268 Wis. 34, 37, 66 N. W. (2d) 652), that it can be sued (sec. 38.06 (2)), and that therefore the high-school district's controversy with respect to the effect of the consolidation on its boundaries is with the board of school directors rather than with the city, and hence the board is an indispensable party.

We consider, however, that the question raised by the high-school district with respect to its boundaries is properly before us, and should be decided. The city did not demur to the cross complaint on the ground of defect of parties (sec. 263.06 (4), Stats.), but instead on the ground that it did not state facts sufficient to state a cause of action. We are told by counsel for Brown Deer that in the lower court the city argued the merits of the high-school district's conten-tions as to the effect of the consolidation on its boundaries, and did not assert the absence of an indispensable party until a final reply brief. An objection to a complaint on the ground of defect of parties, not timely taken by demurrer or answer, is waived (sec. 263.12; *Radant v. Werheim Mfg. Co.* 106 Wis. 600, 602, 82 N. W. 562).

While the board of school directors has a certain degree of independence, it is nevertheless tied closely to the city, since the city provides its money and owns the physical property of the school system (secs. 38.07 (4), 38.16 (1) and (2), Stats.). While sec. 38.06 (2) provides how service shall be made "in any action or proceeding wherein the board is a party defendant," sec. 38.11 (2) provides that suits on any claims arising out of the operation of the schools are to be brought against the city and not against the board. The city attorney is *ex officio* the board's attorney (sec. 38.09 (5)). Moreover, the high-school district's cross complaint alleges, and the demurrer admits, that the *city* rather than the board is making the claims that the consolidation operates

to detach territory from the school district, which have created the problems and hardships for which relief is sought.

These considerations lead us to the conclusion that the substantive question may and should be decided without joinder of the board of school directors.

On the merits, we hold that the consolidation, which for this purpose we assume to be valid, does not operate to detach territory from the high-school district.

The consolidation ordinances do not purport to change school-district boundaries, and indeed, contain no provision whatever relative to schools or school districts.

The high-school district is a joint union high-school district, having territory lying in more than one municipality, *i. e.,* the village of Brown Deer and the town of Granville. The site of the school building is in Brown Deer.

On general principles we should hesitate, in the absence of clear legislative command, to hold that one constituent municipality may destroy a joint union high-school district by unilateral action, and thereby perhaps leave the remainder of the district with a crippled school, an inadequate tax base, and a heavy burden of debt.

We are not without legislative guidance, however. Sec. 40.13, Stats., deals specifically with alteration of union high-school districts, and sets up a procedure for changing the boundaries of such districts by joint action of the governing bodies of both municipalities. It provides that the petition for an alteration "shall not be granted except by a majority of each of the boards." Thus unilateral action is explicitly forbidden. While sec. 40.13 is not one of the sections of the general school law which is expressly made applicable to the Milwaukee schools by sec. 38.23, the latter section nevertheless provides that "the school board and the schools in cities of the first class shall be governed in all matters by the general laws of the state, except as they are altered or modified by express amendments."

Other statutes authorizing alteration of school districts lying in more than one municipality contain safeguards such as notice, hearing, action by the county school committee or by each municipal board, right of appeal, and referendum. See secs. 40.03, 40.06; Stats. The absence of such provision in sec. 66.02 suggests that municipal consolidation under that section was never meant to withdraw territory automatically from a joint school district lying partly in a third municipality. The provision in sec. 66.02 that consolidation shall not affect the pre-existing rights of any municipality bears a like implication.

We can find nothing in the statutes to take the present case out of sec. 40.13, Stats., and permit Granville and Milwaukee to transfer territory from the joint high-school district without the consent of Brown Deer. Sec. 38.015, providing that the public schools in every city of the first class shall be under the management, control, and supervision of the board of school directors of such city, is inapplicable, for the school of the joint high-school district is in Brown Deer, not in Granville or Milwaukee. While sec. 38.07 (5) confers upon the Milwaukee board of school directors power to establish and define from time to time the boundaries of all common and high-school districts, the context shows that its application is confined within the city, and it should not be construed as authorizing unilateral action to break up a joint high-school district in which another municipality is also interested. Sec. 40.19 relates to cases where Milwaukee has annexed a portion of a school district, and has no application to the present case of consolidation. Sec. 66.03 (3) (b) is likewise inapplicable, as it applies to situations where the annexed territory contains a school building. There appears to be no incompatibility between the consolidation and the continued existence of the high-school district undiminished thereby, for the city may succeed to the town's position with respect

to the district. Thus sec. 40.03 (7) recognizes that a city of the first class may participate in a joint school district including outside territory, for it provides for "the election of a board of school directors for any newly created school district of which such city shall by creation, alteration, or consolidation, become a part."

For the foregoing reasons we conclude that the demurrer to the cross complaint of the high-school district and Whitten must be overruled, and that judgment should be entered declaring that the boundaries of the high-school district are not changed by the consolidation.

5. Brown Deer's sixth cause of action attacks the validity of Milwaukee ordinance No. 631 because of alleged defects in procedure. That ordinance, adopted February 21, 1956, purports to annex to the city a part of the land involved in Brown Deer annexation No. 34. The posting date for the Milwaukee annexation is not shown, but it must have been before the Brown Deer posting date, since priority of posting is not alleged for the Brown Deer annexation.

Thus this cause of action involves, not priority, but alleged defects in the annexation procedure, want of reasonable prosecution thereof in good faith, and a claim that the territory is not contiguous to the city. These objections appear to involve questions of fact. The circuit court was therefore right in overruling the city's demurrer, and properly allowed the city to plead over to the sixth cause of action. If the annexation be held valid, it will operate to exclude the territory so annexed to Milwaukee from the Johnson annexation to Brown Deer.

6. In its ninth cause of action, Brown Deer's amended complaint asks that Milwaukee be enjoined from exercising municipal or high-school jurisdiction over the Granville area. The requested relief is appropriate with respect to high-school jurisdiction since the disputed area is in the high-school district. Hence the demurrer to this cause of action was

properly overruled. As to municipal jurisdiction, the propriety of permanent injunctional relief will depend on the ultimate determination of the validity of the annexation and the consolidation, after Milwaukee has had an opportunity to plead over on those subjects.

7. We consider now the circuit court's order denying Milwaukee permission to plead over and answer the amended complaint and cross complaints, demurrer to which was overruled. Such leave was granted with respect to the sixth cause of action of Brown Deer's amended complaint, relating to the validity of Milwaukee's annexation ordinance No. 631, but was otherwise denied.

We conclude that leave should be granted Milwaukee to plead over to all of the causes of action set forth in the amended complaint and cross complaints other than the cross complaint of the high-school district and Whitten. There is nothing to indicate that the demurrers were not interposed in the good-faith belief that they were well taken and might be determinative of the controversy.

Sec. 62.07 (3), Stats., provides that the validity of annexation proceedings shall not be collaterally attacked "nor in any manner called in question in any such court unless the proceedings therefor be commenced before the expiration" of the ninety-day period after passage of the annexation ordinance. Milwaukee commenced no such proceeding within ninety days after the passage of any of the four annexation ordinances of Brown Deer, and has not formally challenged their validity in this action. The city should nevertheless be given an opportunity to answer the allegations of their validity, for this court has held that the ninety-day limitation does not bar attack on the validity of the annexation proceedings on jurisdictional grounds such as failure to post notices as required by statute or insufficiency of the petition for annexation. *Wilson v. Sheboygan,* 230 Wis. 483, 489–496, 283 N. W. 312; *State ex rel. Madison v. Walsh,* 247 Wis.

317, 321, 19 N. W. (2d) 299. The Brown Deer annexations are still open to challenge on such grounds, if any there be that are not foreclosed by today's decision.

While Milwaukee would not have been in position to contest the validity of Brown Deer's annexations prior to the consolidation with Granville (*Schatzman v. Greenfield,* 273 Wis. 277, 280, 77 N. W. (2d) 511), Granville could have done so. (Sec. 66.029, Stats.; *Town of Madison v. City of Madison,* 269 Wis. 609, 613–616, 70 N. W. (2d) 249.) Assuming the consolidation to be valid, Granville and Milwaukee are now one, and what Granville could have done in that respect, Milwaukee can now do. Therefore, Milwaukee should be permitted to plead over to the first four causes of action.

We have indicated in previous parts of this opinion the reasons why Milwaukee should be allowed to plead over to the other causes of action except that of the high-school district and Whitten.

8. It remains to dispose of the appeals with respect to certain orders of the circuit court.

The order vacating the previous order dismissing the action as to Granville and its town clerk, and reinstating them as parties defendant, is not appealable. Sec. 274.33, Stats.

The order vacating the prior order enjoining Brown Deer from exercising jurisdiction over the annexed areas must be affirmed, without prejudice to the right of Milwaukee to renew its motion for such an injunction with respect to any area over which the city shall establish its right to jurisdiction in further proceedings in this action.

The order of July 25, 1956, to the extent that it denies Milwaukee's motion to stay the execution and performance of the trial court's orders of July 10, 1956, pending decision on appeal, becomes moot on the remittitur from this court by virtue of this decision, and will be affirmed.

The order of July 25, 1956, denying Milwaukee's motion that the court delete that part of its decision holding the consolidation ordinances invalid, and limit its decision so as not to pass on the validity of those ordinances, is not appealable. The order overruling Milwaukee's demurrer was appealable, and the appeal from that order brought up the substantive questions on which the motion to delete was presumably based.

*By the Court.*—The order overruling the demurrers of the city of Milwaukee to the amended complaint of the village of Brown Deer and to the cross complaint of Sewell is affirmed.

The order sustaining the demurrer of the city of Milwaukee to the cross complaint of the Joint Union High School District and Whitten is reversed, with direction to enter a declaratory judgment that the boundaries of the high-school district are not changed by the consolidation.

The order denying permission to the city of Milwaukee to plead over to the amended complaint and cross complaints is affirmed in so far as it relates to the cross complaint of the Joint Union High School District and Whitten; and is otherwise reversed, with direction to grant the city of Milwaukee leave to answer the amended complaint of the village of Brown Deer and the cross complaint of Sewell, on reasonable conditions.

The orders vacating the order enjoining the village of Brown Deer from exercising jurisdiction over the areas of the Brown Deer annexations, and denying the motion for a stay of execution and performance of the July 10th orders, are affirmed.

The Joint Union High School District and Whitten may tax costs in this court against the city of Milwaukee, including their entire costs of printing briefs. No other costs to be taxed.