Foscato and others, Appellants, vs. Byrne, Tax Commissioner, and others, Respondents.

*December 3, 1957—January 7, 1958.*

522

For the appellants there was a brief by *Charlton, Yanisch, Binzak & Ritchay*, attorneys, and *Earl A. Charlton, Paul Binzak*, and *William A. Ritchay* of counsel, all of Milwaukee, and oral argument by *Earl A. Charlton* and *Paul Binzak*.

For the respondents there was a brief by *Walter J. Mattison*, city attorney of Milwaukee, and *Richard F. Maruszewski*, assistant city attorney, and oral argument by *Mr. Maruszewski*.

FAIRCHILD, J. Appellants do not attack either the Granville-Milwaukee consolidation nor the Brown Deer annexation. For the purposes of this action both have been treated as valid. Appellants point out that although their lands

were in Milwaukee on May 1, 1956, they had become part of Brown Deer long before December 17th, when the tax roll was delivered to the city treasurer. They argue that the levy was made December 17th, and that the city had no power to tax lands which were outside the city on that date.

The statutes do not expressly provide, in the event of a shift of territory from one municipality to another by annexation, which municipality shall impose the taxes for the year in which the shift occurs. The city argues that the reasonable construction of the statutes is that the municipality in which the territory lies on May 1st is to levy the tax. We agree.

Assessment is the first step in the process of determining the tax. Valuation is reflected upon the assessment roll. Other processes, based in part upon the total valuations determined by assessment, result in determination of rates. When the rates are applied to the values shown on the assessment roll, the tax roll is compiled. ". . . Real-estate taxes shall be deemed to be levied when the tax roll on which they are extended has been delivered to the local treasurer with his warrant for collection. When so levied such taxes shall be a lien upon the property against which they are assessed, superior to all other liens, effective as of May 1st in the year when levied, . . ." Sec. 70.01, Stats. Assessment of "all the real and personal property" is to be made "as of the close of the first day of May in each year. . . ." Sec. 70.10. The assessor must swear that the assessment roll contains a complete list of all property "liable for assessment for the present year." Sec. 70.49 (1). "No change of location or sale of any personal property after the first day of May in any year shall affect the assessment made in such year." Sec. 70.13 (6). See sec. 61.17 dealing with incorporation which takes place after assessment and before collection of taxes.

The tax roll is made out from the assessment roll. Sec. 70.65 (1), Stats. Although there are provisions for remov-

ing from the assessment roll property "not liable to taxation" (sec. 70.52), there is nothing to suggest that the liability is to be determined as of any other date than May 1st. Conversely, there is no provision authorizing an annexing municipality to add to its assessment roll property which was annexed after May 1st.

Plaintiffs' lands are not exempt from taxation. In deciding which municipality shall tax them, it is more logically consistent with the taxing procedure prescribed by the legislature that they be treated as part of the municipality of which they were in fact a part on May 1st.

Where a claim of exemption has been made by reason of a changed ownership or use, similar logic has led to the conclusion that liability to taxation is to be determined as of the assessment date, now May 1st. *Petition of Wausau Investment Co.* (1916), 163 Wis. 283, 158 N. W. 81, explained in *Eline's, Inc., v. Milwaukee* (1944), 245 Wis. 648, 654, 15 N. W. (2d) 816. See also *United States v. Certain Lands, etc.* (D. C. Wis. 1943), 49 Fed. Supp. 225; 28 Op. Atty. Gen. 523, and 30 Op. Atty. Gen. 255. Accordingly, we are of the opinion that plaintiffs are not entitled to have their property taxed by Brown Deer for 1956 but that the property was subject to the tax levied by Milwaukee.

Plaintiffs also challenge the special charge for school purposes levied against their property at the rate of $21.04 per thousand dollars of valuation. They assert that as a part of Milwaukee, they were entitled to have their school services supplied by Milwaukee and to be taxed at the same rate as applied in the rest of the city. Plaintiffs' lands lie within the Joint Union High School District, No. 3, of the town of Granville and village of Brown Deer. This court has held in *Brown Deer v. Milwaukee, supra,* page 70, that the Granville-Milwaukee consolidation did not detach territory

from the high-school district. Thus it was determined that notwithstanding sec. 38.015 (1), Stats., placing the public schools in Milwaukee under the management of its board of school directors, territory in the former town of Granville remained in the high-school district. It would follow that all such territory including plaintiffs' lands is subject to the taxes properly voted by the high-school district.

Plaintiffs' lands were also in a common school district which lay entirely within the former town of Granville. Plaintiffs claim that this district was entirely within the city after the consolidation of April 3d, and that, accordingly, the separate existence of the Maple Tree district ceased at that time. It would follow from this premise, if correct, that there was no Maple Tree district which could make a levy and certify it to the city. Clearly the status of the Maple Tree district is not identical to that of the high-school district, the high-school district having been at all times partly outside of the town, but we think that the reasoning supporting the decision as to the high-school district leads to a similar result in the case of the Maple Tree district so that the consolidation did not destroy it. We also held in *Brown Deer v. Milwaukee* that while the consolidation was not voided by reason of annexation proceedings begun prior to the consolidation, the annexations, if valid, would operate to transfer their areas from the city to Brown Deer at the dates the respective annexations went into effect. As it was expressed at page 66 of the opinion, "The consolidation, if valid, was not wholly ineffective as to them [the annexed areas] but operated upon them subject to the defeasance occurring when the annexations took effect."

It was pointed out that general principles would make it doubtful whether one constituent municipality might destroy a joint union high-school district by unilateral action and further that the provisions of statutes dealing specifically

with alteration of school districts suggests that municipal consolidation under sec. 66.02, Stats., was never meant "to withdraw territory automatically from a joint school district lying partly in a third municipality." (p. 71.) Here if the annexation by Brown Deer had become effective prior to the consolidation, the Maple Tree school district would have become a joint school district and accordingly, the reasoning used in the *Brown Deer* decision with respect to the continued existence of the high-school district without change would squarely apply. Since it was also held that one of the effects of the annexation was that the city took the territory by consolidation subject to defeasance when the annexation became effective, it is a reasonable construction that the same annexation (if valid) prevented any automatic destruction of the separate existence of the Maple Tree district.

(It is not necessary to decide in this case whether the separate existence of a school district whose area was entirely absorbed within Milwaukee and was not subject to any annexation would cease upon such absorption.)

Accordingly, the plaintiffs' lands were subject to a tax levy by the Maple Tree district for school purposes. Plaintiffs have not shown that the tax for common school purposes has not been levied uniformly throughout the Maple Tree district and that the tax for high-school purposes has not been levied uniformly throughout the high-school district. Because the city had proceeded, until the *Brown Deer* decision on November 7th, on the theory that the consolidation had brought Granville into the city for all purposes, including schools, it was mechanically difficult to erase from plaintiffs' tax bills the tax rate applied for the support of Milwaukee schools and to show a separate rate for the Maple Tree district and a separate rate for the high-school district. The total of the two rates actually shown and applied for school purposes (Milwaukee school rate plus special charge)

equaled the total of the two separate rates (Maple Tree plus high-school district) which would properly have been applied. Therefore plaintiffs are not in a position to attack the validity of the resulting taxes.

*By the Court.*—Judgment affirmed.