GRAND VIEW SCHOOL DISTRICT No. 15 and another, Appellants, vs. CITY OF MILWAUKEE and another, Respondents.

*April 7—May 6, 1958.*

For the appellants there were briefs by *Erwin V. Novotny,* attorney, and *Richard L. Novotny* of counsel, both of Milwaukee, and oral argument by *Richard L. Novotny.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Maruszewski.*

BROWN, J.  We consider the learned trial court erred.

*Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 79 N. W. (2d) 340, determined that the proceeding for consolidation or annexation first instituted has priority, regardless of which is first completed or effective. In that case, as in the present one, the annexation was first commenced and the consolidation first completed. In *Brown Deer, supra,* we held that the consolidation took territory into the city until the annexations became effective, whereupon the territory subject to the annexations transfers to Brown Deer. Also, that case held that a consolidation does not operate to detach territory from a

joint high-school district, and notwithstanding sec. 38.015 (1), Stats., and notwithstanding the consolidation of the town and the city, territory in the former town of Granville remained in the joint high-school district. The *Brown Deer* decision was so interpreted in *Foscato v. Byrne* (1958), 2 Wis. (2d) 520, 87 N. W. (2d) 512.

The *Foscato Case, supra,* like the instant one, concerned a common school district lying partly in territory consolidated with the city and partly in territory where annexation proceedings were pending having priority. We recognized that if the annexation is valid the district will be a joint district and in that event the reasoning of *Brown Deer v. Milwaukee, supra,* squarely applies. That reasoning brought the conclusion that the prospective joint district is not destroyed by the consolidation but continues without change and its boundaries are unaffected by the consolidation.

In our opinion, the *Brown Deer* and the *Foscato Cases, supra,* control the instant one.

We conclude that the pending annexation proceedings have priority over the consolidation. If the annexation is sustained in the litigation concerning it the present School District No. 15 will lie partly in the village of Brown Deer and partly in the city of Milwaukee. It will be a joint district. While the validity of the annexation remains undetermined, —sec. 38.015 (1), Stats., notwithstanding,—the existence and boundaries of the school district are unaffected by the consolidation.

Judgment should have been granted giving appellants the relief they demanded.

*By the Court.*—Judgment reversed. Cause remanded, with directions to enter judgment declaring that the consolidation of the town and city do not change the boundaries of appellant school district.

HALLOWS, J., took no part.