CITY OF MILWAUKEE, Appellant, v. MILWAUKEE COUNTY SCHOOL COMMITTEE, Respondent.

*October 5—November 3, 1959.*

228

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *F. Ryan Duffy, Jr.,* assistant city attorney, and oral argument by *Mr. Duffy.*

For the respondent there was a brief and oral argument by *C. Stanley Perry,* corporation counsel.

HALLOWS, J.   The situations relating to the present existence of these school districts were discussed and dealt with in *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 79 N. W. (2d) 340; *Foscato v. Byrne* (1958), 2 Wis. (2d) 520, 87 N. W. (2d) 512; *Grand View School Dist. v. Milwaukee* (1958), 4 Wis. (2d) 76, 90 N. W. (2d) 103; and *Joint Common School Dist. v. Milwaukee* (1958), 4 Wis. (2d) 79, 90 N. W. (2d) 105.

The parties agree that the only question involved on this appeal is whether the appellant is a "person aggrieved" within the meaning of sec. 40.03 (5), Stats., 5 W. S. A., p. 286. We consider this case ruled by *Greenfield v. Joint County School Comm.* (1955), 271 Wis. 442, 73 N. W. (2d) 580. That case held the town of Greenfield in an appeal from an order of the joint county school committee of Milwaukee and Waukesha counties was not a person aggrieved within the meaning of sec. 40.03 (5) because the town was not affected as a municipal entity and the legislature did not intend to clothe the town with a legal interest in school-district matters. The question here is: Is the city of Milwaukee in any different position than was the town of Greenfield?

In the *Greenfield Case* we stated, at page 447, "The right of appeal is statutory and does not exist except where expressly given, and cannot be extended to cases not within the statute. A person is aggrieved by a judgment whenever it operates on his rights of property or bears directly on his interest. An 'aggrieved party' within the meaning of a statute governing appeals is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment. *In re Fidelity Assur. Asso.* (1945), 247 Wis. 619, 20 N. W. (2d) 638. The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation.

*Bowles v. Dannin* (1938), 62 R. I. 36, 2 Atl. (2d) 892. These principles are applicable to an order specified in sec. 40.03 (5), Stats., governing appeals from school-committee orders."

The city of Milwaukee contends it is a person aggrieved because: (1) The citizens of the city of Milwaukee residing in the new school district who pay taxes to the city and who are forced to send their children to school in the new school district will be discriminated against; (2) the city will be subsidizing people outside of the Milwaukee school system; and (3) part of the area of the new joint school district within the city may eventually come under the jurisdiction of the Milwaukee board of school directors, depending upon the outcome of pending litigation between the city of Milwaukee and the village of Brown Deer involving the validity of the annexations of such territory by Brown Deer.

We can find no legal interest of the city of Milwaukee which is affected by the order complained of so as to qualify the city as a person aggrieved. The duty of forming or altering school districts is a municipal administrative and ministerial function delegated by the legislature to county school committees so far as the facts of this case are concerned. *School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407. The three joint school districts, part of which lie in the city of Milwaukee, are legal entities separate and distinct from the city of Milwaukee, and on the facts as they exist on this appeal, separate and distinct from, and not within, the territorial jurisdiction of the Milwaukee board of school directors. Likewise, the city of Milwaukee and the Milwaukee board of school directors are distinct legal entities.

The order appealed from creating one joint school district out of six districts would not affect the Milwaukee board of school directors or its jurisdiction. Neither the city of Milwaukee nor the Milwaukee board of school directors has

any power so far as school matters are concerned over that part of the city of Milwaukee within the three joint school districts.

If it is true that the citizens living in Milwaukee and in the new joint school district will be taxed for a higher school cost than they would if they were within the Milwaukee school system, such grievance belongs to the citizens affected and not to the city of Milwaukee. Neither does the city of Milwaukee pay the school taxes. It collects the amount of taxes determined by the new school district and owed by the citizens of Milwaukee living in the school district, and remits such amount to the school district. The manner in which the city of Milwaukee has chosen to collect the school-district taxes may be inconvenient and may have worked an inequality on some of its citizens. However, Milwaukee can make the collection of the school-district taxes so as to avoid inequality and eliminate any alleged subsidizing by the city of people outside the city of Milwaukee school system. Inconvenience in the collection of the school taxes is not a ground which gives the city a legal interest to appeal the school-reorganization order. A somewhat-similar tax argument was raised and determined in the *Greenfield Case*.

We cannot agree with the city of Milwaukee's contention that it is a person aggrieved because the Milwaukee board of school directors may give advice and recommendations if requested by the county school committee pursuant to sec. 40.05, Stats., and therefore the Milwaukee board of school directors should have been served with a notice of the public hearing under sec. 40.025 (2). These two sections are separate. Sec. 40.05 refers to a written request for advice, while sec. 40.025 (2) refers to notice of a public hearing. The respondent did not request any advice so as to bring sec. 40.05 into consideration. This section is not mandatory. A county school committee is not bound to seek or follow any advice or recommendation given. *Green-*

*field v. Joint County School Comm., supra.* While the city of Milwaukee is concerned and interested in school affairs within its municipal boundaries, such interest and concern do not create a legal right or endow it with a legal interest upon which to qualify as a person aggrieved to take an appeal from an order of another governmental unit.

The Milwaukee County School Committee did not act arbitrarily in consolidating these six school districts into one joint school district while litigation was pending between the city of Milwaukee and the village of Brown Deer involving the validity of the annexations by Brown Deer of part of the territory composing some of the school districts dissolved and consolidated by the order. The order appealed from unifies six adjacent school districts into one district, a change which the people within the area had an opportunity to approve or reject in a referendum. The situation is not changed by this order, even if the city is successful in its litigation with the village of Brown Deer.

The city of Milwaukee also contends that if the annexations by Brown Deer are invalid, some of the school districts will be entirely within the city of Milwaukee and will automatically become a part of the Milwaukee school system and, also, the three joint school districts will cease to be joint. The hopes or expectations of the city of Milwaukee over the outcome of such litigation do not clothe it with a legal right at the present time so as to constitute it a person aggrieved. However, we do not pass on the correctness of the city's contention. The respondent's position on this issue is stated in its brief on page 11: "The county school committee can reasonably be expected, if certain areas now in litigation are finally determined to be or to have become a part of the city, to issue a further order detaching such areas from the new Joint School District No. 4 created by the order and attaching such areas to the city school system."

We conclude that the city of Milwaukee is not a person aggrieved within the meaning of sec. 40.03 (5), Stats. Therefore, it had no right to appeal, and the trial court was correct in deciding it had no jurisdiction to hear the appeal.

*By the Court.*—The order appealed from is affirmed.