HELMIN, by Guardian *ad litem,* and another, Plaintiffs, v. STUDENT TRANSPORTATION COMPANY, INC., and another, Defendants and Appellants: BOARD OF SCHOOL DIRECTORS OF PUBLIC SCHOOLS OF CITY OF MILWAUKEE, Impleaded Defendant and Respondent.

*November 29, 1965—January 4, 1966.*

For the appellants there was a brief by *Kivett & Kasdorf*, attorneys, and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis*.

For the respondent there was a brief by *John J. Fleming*, city attorney, and *Carl F. Kinnel* and *Harvey G. Odenbrett*, assistant city attorneys, and oral argument by *Mr. Kinnel*.

BEILFUSS, J. The single issue is, can the Board of School Directors of a city of the first class be made a party defendant (or impleaded defendant) in an action for personal injuries grounded upon negligence.

Ch. 38, Stats., sets forth the statutory structure for the public schools of the city of Milwaukee. The chapter applies only to cities of the first class, and consequently only to the city of Milwaukee.

Sec. 38.015, Stats., provides, in part:

"(1) The public schools in every city of the first class shall be under the management, control and supervision of a board of school directors, . . ."

It is apparent from a reading of the entire chapter that the school board is given considerable independence of action in establishing policy, operation, management,

supervision, and control. It is further apparent that the school board is closely aligned and dependent upon the city for the funds necessary for the maintenance of the school system. The school funds are raised and disbursed by the city upon requests of the school board within the budgetary scheme set forth in the statute.

The confusion as to whether the city or the Board of School Directors is the party to be impleaded defendant in this action arises by virtue of two sections of ch. 38, Stats.

Sec. 38.06 (2), Stats., provides: "In any action or proceeding wherein the board is a party defendant service of any summons, writ, pleading or other papers served in commencing the action or proceeding . . ." should be made as provided in the section.

Sec. 38.11 (2), Stats., provides: "No action shall be maintained against any city upon any claim arising out of the operation, conduct and maintenance of the schools until it has been presented to the board and disallowed, in whole or in part. . . ."

Appellants contend that since sec. 38.06 (2), Stats., contemplates actions against the board, and since sec. 38.11 (2) does not specifically require suits on claims against the board to be brought against the city only, therefore the board is a proper defendant in this case.

Respondent argues that sec. 38.11 (2), Stats., and *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 79 N. W. (2d) 340, make it clear that the city and not the school board must be sued. In *Brown Deer,* at page 69, the court stated:

"While the board of school directors has a certain degree of independence, it is nevertheless tied closely to the city, since the city provides its money and owns the physical property of the school system (secs. 38.07 (4), 38.16 (1) and (2), Stats.). While sec. 38.06 (2) provides how service shall be made 'in any action or proceeding wherein the board is a party defendant,' sec. 38.11 (2) provides that suits on any claims arising out of the opera-

tion of the schools are to be brought against the city and not against the board."

Appellants argue that the foregoing is *obiter dicta.*

While sec. 38.11 (2), Stats., does not by express language require suit against the city to the exclusion of suit against the board, such is the fair implication of the statute. In sec. 38.11, the legislature has set out a claims procedure. In the absence of any other statutory claims procedure, the one set out must be used. Thus, where damage is claimed arising out of "operation, conduct and maintenance of the schools," the legislature has required the injured party to make a claim against the board, which must be disallowed before suit against the *city* may be brought.

This is exactly what the court concluded in *Brown Deer v. Milwaukee, supra,* although that conclusion may not have been compelled by the facts in that case. In *Brown Deer* the court noted the administrative independence of the board and its financial dependence upon the city. This is further indicated by a portion of sec. 38.11 (1), Stats.: "All claims and demands against the city or board shall be audited and adjusted by the comptroller or other auditing officer of such city."

The school board governs a geographical area coextensive with the city's boundaries. This means that all claims arising out of the "operation, conduct and maintenance of the schools" will involve schools within the city of Milwaukee. This is ample justification for the legislature to require suit against the city. In smaller urban or in rural areas where several cities or municipalities may be within the same school district, suits against the cities would be unfair to taxpayers of those cities.

Sec. 40.31, Stats., provides:

"No action shall be maintained against a school district upon any claim until it has been presented to the board and disallowed, in whole or in part."

When read with this companion section, sec. 38.11 (2), Stats., appears clearly to be a requirement that suit be brought against the city, not the school board.

If this be so, why does a provision for serving the board exist in the statutes? Simply, such a provision contemplates a myriad of suits grounded upon the administrative authority of the board.

*State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. (2d) 243, 111 N. W. (2d) 198, was an action by a teacher to review his discharge by the board. *State ex rel. Schroeder v. Board of School Directors* (1937), 225 Wis. 444, 274 N. W. 301, was a mandamus action for reinstatement of a teacher after discharge. *State ex rel. Nyberg v. School Directors* (1926), 190 Wis. 570, 209 N. W. 683, was a suit on the sufficiency of an answer to a writ of mandamus compelling the board to place the relator's name on its list of permanent teachers. *State ex rel. Thompson v. School Directors* (1923), 179 Wis. 284, 191 N. W. 746, was an attack on the board's regulations concerning promotion of married women teachers.

These are cases in which the board is a proper party. But in cases involving monetary claims the board is not the proper party. Sec. 38.11 (2), Stats., contemplates a claim to the board and suit against the *city,* if the claim is refused.

The appellants argue, in effect, that to require an action on a claim for money damages to be brought against the city rather than the school board is a distinction without a difference; that as a practical matter the school board and the city are interdependent with identical interests at stake, that the claim would be defended by the same public officers in the same manner,[1] and that a judgment, if obtained, would be satisfied from the same fund. While

[1] In support of this argument the defendants cite *Barry Laboratories, Inc., v. State Board of Pharmacy* (1965), 26 Wis. (2d) 505, 132 N. W. (2d) 833.

this argument has a good deal of plausibility, we conclude that the legislature specifically intended that actions on claims for money damages arising out of the "operation, conduct and maintenance" of schools in cities of the first class must be brought against the city.

*By the Court.*—Order affirmed.